[S. F. No. 6030.   Department Two.—April 3, 1913.]

BRADLEY COMPANY (a Corporation), Appellant, v. EMMA R. BRADLEY (Formerly Emma R. Buxton, Also Known as E. R. Buxton), Respondent.

PAROL TRUST IN REALTY—DEED BETWEEN PARTIES OCCUPYING CONFIDENTIAL RELATIONS — AGREEMENT TO HOLD FOR BENEFIT OF GRANTOR.—A parol trust in real property, created at the time when a voluntary grant of the property was made, without consideration, between persons occupying relations of great confidence to each other and in reliance on those relations, to the effect that the grantee would take and hold the property for the benefit of the grantor and reconvey it to him on demand, is enforceable in equity upon its repudiation by the grantee.

ID.—JUDGMENT UNDER McENERNEY ACT ESTABLISHING TITLE OF GRANTEE—TRUSTOR'S INTEREST NOT DIVESTED.—A judgment obtained by such trustee under the so-called McEnerney Act, during the continuance of the trust and in furtherance and part execution thereof, and with the knowledge of the trustor, which on its face purported to establish and quiet the trustees title to the trust property,

cannot be held, in an action between the parties to enforce the trust, to divest the trustor of his interest therein. This is especially so, where such judgment was permitted to be obtained as the result of a mutual mistake of law entertained by both the parties as to the legal effect of such judgment.

ID.—FRAUDULENT USE OF JUDGMENT NOT PERMITTED.—To give a contrary effect to such judgment, although the same was not fraudulently obtained, would be to permit a fraudulent use to be made of it, which equity will not countenance.

ID.—FRAUD OF TRUSTOR—AFFIDAVIT UNDER MCENERNEY ACT.—The fact that such trustor procured the trustee to make the statutory affidavit under the McEnerney Act in which his interest in the trust property was not disclosed, was not such a fraud as to bar his right to enforce the trust.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Stoney, Rouleau & Stoney, and Orville C. Pratt, Jr., for Appellant.

Costello & Costello, Charles Baer, and Charles L. Brown, for Respondent.

HENSHAW, J.—Plaintiff as the grantee of Richard Bradley sued to enforce a parol trust in real property. A general demurrer was sustained to plaintiff's complaint and, plaintiff declining to amend suffered judgment. From this judgment it appeals.

The complaint charges that in 1906 Richard Bradley was the owner in fee of the real estate described; that he desired to borrow money secured by a mortgage upon the real property to erect improvements thereon; that he was the cashier and manager of the Pioneer Bank at Porterville, California, and for reasons connected with his position did not wish to be known as the borrower of money; that at that time there existed between himself and Emma R. Buxton, whom subsequently he married, relations of great confidence; that relying on those relations and without any consideration, valuable or otherwise, moving from Emma Buxton to him he made a deed of grant, bargain, and sale purporting on the face of

it to convey to her the fee simple title absolute.   This convey-
ance, however, was made and was accepted upon a parol trust,
Emma Buxton promising and agreeing that she would take
and hold the property in trust for Richard Bradley and to his
use; would borrow the money on the property by way of
mortgage for the purpose of improving it; would apply the
money so borrowed for the indicated purpose and would ac-
count to Richard Bradley for all rents and profits which she
might collect, and would on demand of Richard Bradley re-
convey the property to him.   Pursuant to the deed and to
this trust defendant Emma Buxton, now by marriage with
Richard Bradley, Emma Bradley, defendant herein, entered
into the possession of the property, mortgaged it to the
Hibernia Savings and Loan Society for the sum of five thou-
sand five hundred dollars, employed this sum in the improve-
ment of the real property by the erection of flats thereon, col-
lected the rents from these flats, and at all times down to
February 28, 1910, accounted for such rents to Richard Brad-
ley and to his successor in interest, plaintiff herein, as the
respective owners of the property.   Before making the loan
of five thousand five hundred dollars the Hibernia Savings
and Loan Society required that the defendant should prose-
cute an action to establish and quiet her title under the pro-
visions of the McEnerney Act.   This the defendant did, ob-
taining a decree establishing and quieting her title under the
provisions of this act.   In her affidavit filed in that action she
did not name Richard Bradley as having an interest in the
real property adverse to herself ''but her omission so to do
was with the consent of said Richard Bradley, and was not
fraudulent or with a view of repudiating the trust in his favor
upon which she held the legal title to said real property, as
above set forth; that on the contrary, such omission was inno-
cently made, and was made without any actual knowledge on
defendant's part of its possible legal effect, and was made in
furtherance of the purposes of said trust in this, that had
said defendant named said Richard Bradley in said affidavit
as the true equitable owner of said property, said The
Hibernia Savings and Loan Society would have required said
Richard Bradley to have joined in said mortgage, and his con-
nection with said loan would have been thereby disclosed, and
the very object with which said trust was created, as herein-

above set forth, would have been wholly nullified and defeated; that neither said defendant nor said Richard Bradley knew or understood at the time said action was commenced, or at the time said decree was obtained, or for more than one year continuously thereafter, what the possible legal effect of said action and decree might be with respect to the equitable rights of said Richard Bradley in and to said real property; that on the contrary, both said defendant and said Richard Bradley were at all the times just referred to laboring under a mutual mistake of law with regard to the possible effect of said action and of said decree; that subsequent to the obtaining of said decree, defendant repeatedly acknowledged to said Richard Bradley, both verbally and in writing, the existence and continuance of the trust hereinabove set forth, and accounted to said Richard Bradley, and to his successor in interest hereinafter named, for the rents and profits of said real property, and received from said Richard Bradley the sum of one thousand dollars ($1,000) which she, said defendant, applied in partial discharge and satisfaction of said five thousand five hundred dollar mortgage to said The Hibernia Savings and Loan Society hereinabove referred to; that at all the times herein mentioned down to and including the month of April, 1910, Richard Bradley and his successor in interest, the plaintiff corporation, have with the knowledge and consent of the defendant paid all the taxes upon the real property and have borne all the costs of repairs and improvements upon the real property. On the twenty-eighth day of February, 1910, Richard Bradley demanded of defendant that she convey the real property to the plaintiff corporation, he having theretofore made his deed to that corporation, but defendant then and there fraudulently refused so to do and repudiated her trust.

It is a matter of indifference under this pleading whether it be said that plaintiff is seeking to enforce a voluntary trust which has been repudiated by the trustee or whether it is seeking to enforce an involuntary trust arising in law from that repudiation. In its creation the trust was voluntary, and however at variance it may be thought to be with the mandate of the statute as to the creation of trusts in land, it is of such character that equity will not permit the trustee to take advantage of the existing confidential relations in which the

trust itself originated and by repudiating the trust obtain an unconscionable advantage over the confiding trustor and beneficiary. So numerous are cases upon this subject that it must suffice to refer to *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430] ; *Cooney* v. *Glynn,* 157 Cal. 583, [108 Pac. 506] ; *Jones* v. *Jones,* 140 Cal. 587, [74 Pac. 143] ; *Kimball* v. *Tripp,* 136 Cal. 631, [69 Pac. 428].

The foregoing proposition does not seem to be questioned, but seemingly the demurrer was sustained upon the theory that the proceeding under the McEnerney Act, well known to Richard Bradley, gave him an opportunity to appear and protect his interest, and having failed to do so the judgment bars his right and claim to the real estate. In this respondent relies upon the familiar principle and the numerous cases to the effect that when all parties are in court, or have had their opportunity and day in court, no one of them can be heard thus to question a judgment given against him. (Freeman on Judgments, sec. 486; 3 Story's Equity Jurisprudence, 1575; *Boston* v. *Haynes,* 33 Cal. 31; *Amador etc. Co.* v. *Mitchell,* 59 Cal. 174; *Zellerbach* v. *Allenberg,* 67 Cal. 296, [7 Pac. 908].) But it should not be necessary to call to mind the fact that we are in this consideration governed by the declarations of the complaint, and under those declarations this judgment was but in furtherance and part execution of the very trust by which the defendant took the land. The principle enunciated is perfectly sound in every case where the parties are dealing with each other at arm's length, and where the proceeding is in fact an adversary one. It has no application under the facts here presented. We think this so plain as to require no greater amplification, but still further it may be said that if it can be believed that such untoward consequences attach to a judgment obtained under these circumstances, the pleading makes complete answer to the proposition by its allegation of a mutual mistake in law entertained by both parties by virtue of which mistake the judgment was permitted to be given. (*Remington* v. *Higgins,* 54 Cal. 621; *Benson* v. *Bunting,* 127 Cal. 537, [78 Am. St. Rep. 81, 59 Pac. 991] ; *Bacon* v. *Bacon,* 150 Cal. 486, [89 Pac. 317].) And finally upon this subject it may be added, that relief is not here sought against a judgment fraudulently obtained. The relief is sought against the fraudulent use of a

judgment obtained under a thorough understanding between the parties and in furtherance of a trust relationship which existed between them. That such relief may be secured against the fraudulent use of a judgment not fraudulently obtained is well recognized in equity. (*Thompson* v. *Laughlin*, 91 Cal. 313, [27 Pac. 752].)

The theory of the respondent, that the McEnerney decree destroyed the trust and that a trust once destroyed cannot be revived, mistakes the meaning and scope of the complaint. An innocent purchaser from Emma Buxton or Mrs. Bradley would unquestionably be protected by such a decree. So, indeed, would such a purchaser have been protected against the undisclosed parol trust without a judgment, but there is no doubt that as between the parties to that trust the decree had no effect whatsoever to destroy it. Such is the pleading to the effect that the decree was obtained in furtherance of the trust; such is the pleading to the further effect that the trust was continuously recognized and fulfilled after the decree.

Finally, respondent invokes the maxim that he who comes into equity must come with clean hands and justifies the order sustaining the demurrer upon the ground that Richard Bradley in procuring Emma Buxton to make the statutory affidavit under the McEnerney Act in which his interest in the property was not disclosed was guilty of such a fraud as to bar his right to relief. But whatever judgment may be placed upon Richard Bradley's conduct in the forum of good morals, it was not a fraud of which law or equity takes cognizance. It was not designed to injure anybody. In fact, it injured nobody, least of all respondent, who seems to see in it rather an opportunity to make use of it to her advantage. It is not every wrongful act, nor even every fraud, which prevents a suitor in equity from obtaining relief. His misconduct must be so intimately connected to the injury of another with the matter for which he seeks relief, as to make it inequitable to accord him such relief. It must have been conduct which, if permitted, inequitably affects the relationship between the plaintiff and the defendant, nothing of which is here shown. Suffice it for this to make reference to 1 Pomeroy's Equity Jurisprudence, section 399.

It follows herefrom that plaintiff's complaint is not without equity; that the demurrer was improperly sustained, and

the judgment is therefore reversed with directions to the trial court to permit defendant to plead to the merits of the action.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.