[Civ. No. 2900.   Fourth Dist.   July 26, 1943.]

JOHN W. WILEY, Appellant, v. PATRICIA GROSS WILEY, Respondent.

George R. Baird and Robert W. Patterson for Appellant.

No appearance for Respondent.

MARKS, J.—This is an appeal from a judgment refusing to annul the marriage of the parties because of alleged fraud of defendant. Defendant was regularly served with summons but did not appear in the action. The cause was heard as a default matter and defendant has made no appearance here.

The complaint contained the formal allegations usually found in cases of this kind. It was there alleged that prior to and at the time of the marriage ceremony defendant did not intend to have reasonable matrimonial intercourse with the plaintiff; that she concealed this intention from him; that thereafter she refused to have such intercourse with him without any cause or reason therefor although plaintiff was able, ready and anxious to so consummate the marriage; that this refusal was against the will and without the consent of plaintiff who would not have entered into the marriage relationship with defendant had he known of her intention in this regard.

The trial court found these allegations of the complaint to be true. This finding was sufficient to support a decree annulling the marriage. (*Millar* v. *Millar,* 175 Cal. 797 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415].)

■ It was also found that prior to the marriage defendant represented to plaintiff that because of the condition of her health she feared to have children; that she made it a condition of marriage that he be sterilized; that he was so sterilized prior to the marriage ceremony.

The trial court drew the conclusion of law from this last finding to the effect that plaintiff came into court with unclean hands and as a consequence was not entitled to a decree annulling the marriage.

■ It is settled that the act upon which equity may refuse relief to a plaintiff because he does not come into court with clean hands must prejudicially affect the rights of the person against whom the relief is sought so that it would be inequitable to grant such relief. ( Pomeroy's Equity Jurisprudence, 5th ed., vol. 2, p. 95, sec. 399; *Germo Mfg. Co.* v. *McClellan,* 107 Cal.App. 532 [290 P. 534].) In speaking on this subject the Supreme Court, in *Bradley Co.* v. *Bradley,* 165 Cal. 237 [131 P. 750], said:

''It is not every wrongful act, nor even every fraud, which prevents a suitor in equity from obtaining relief. His misconduct must be so intimately connected to the injury of another with the matter for which he seeks relief, as to make it inequitable to accord him such relief. It must have been conduct which, if permitted, inequitably affects the relationship between the plaintiff and the defendant, . . .''

■ We have no such situation here. The operation was performed at the request of defendant who had full knowledge of that fact before the marriage. She was not deceived and there is no inequity as far as she is concerned in granting the relief sought by plaintiff.

The findings neither support the conclusions of law drawn by the trial court, nor the judgment.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.