[Civ. No. 22394. Second Dist., Div. Two. Oct. 23, 1957.]

ANNA TIDLUND, Appellant, v. SEVEN UP BOTTLING COMPANY OF LOS ANGELES, INC. (a Corporation) et al., Respondents.

*Assigned by Chairman of Judicial Council.

N. E. Youngblood for Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Respondents.

FOX, J.—Plaintiff sued two defendants—the bottler and the retail vendor of a bottle of Seven Up—for breach of warranty of merchantability and fitness for intended use. The jury returned a verdict in favor of both defendants, and plaintiff has appealed from the judgment and from the order denying her motion for judgment notwithstanding the verdict.

According to plaintiff's testimony, on May 20, 1955, she opened a fresh bottle of Seven Up which she had allegedly purchased from defendant Jack Huey. She stated that she poured half of the contents into a glass and proceeded to drink it, noticing nothing unusual about it. Later she poured the remainder of the bottle into her glass. She testified that the contents looked dirty and a closer examination disclosed that something resembling a scorpion or a mouse was in the bottle. Plaintiff screamed and soon became very sick, vomiting several times. The next day plaintiff had several skin eruptions and later had to go to the hospital for more than a month.

Plaintiff's grounds for reversal are (1) that the evidence is not sufficient to support the verdict, and (2) that the court erred by refusing to give several instructions requested by her.

In reviewing the sufficiency of the evidence to support a verdict, the test to be applied by the appellate court is whether or not there is any substantial evidence to support the findings of the jury. All questions of the weight of the evidence and the credibility of the witnesses are for the jury, and if there is any substantial evidence to support the verdict it cannot be set aside by the reviewing court, although such court may believe that the preponderance of the evidence was the other way. (*Jackson* v. *Burke,* 124 Cal.App.2d 519, 521 [269 P.2d 137] ; *Chuck* v. *Alves,* 124 Cal.App.2d 144, 146 [268 P.2d 94].) The power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion of the trier of fact. All conflicts must be resolved in favor of the respondent and all legitimate and reasonable inferences indulged to uphold the verdict if possible. When two or more inferences reasonably can be deduced from the

facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183] ; *Jackson* v. *Burke, supra,* pp. 521-522; *Vaccarezza* v. *Sanguinetti,* 71 Cal.App. 2d 687, 691 [163 P.2d 470].)

■    To establish a breach of warranty it was incumbent upon plaintiff to prove by a preponderance of the evidence that the Seven Up was purchased from defendant retailer and bottled by defendant bottling company; that it was unfit for consumption when sold to plaintiff; and that as a result of drinking the Seven Up plaintiff sustained injuries. (*Vaccarezza* v. *Sanguinetti, supra,* pp. 690-691.)  If a foreign substance found its way into the bottle after plaintiff opened it, defendant would not have breached any warranty and plaintiff would not be able to recover.

■    There is ample evidence in the record to support an implied finding by the jury that no foreign substance was in the bottle of Seven Up when plaintiff first opened it.  Plaintiff herself testified that the first glass of Seven Up she drank from the bottle tasted fresh just as any Seven Up she had drunk in the past.  She also stated that she noticed no unusual smell or odor.  On the other hand, the contents of the second glass she poured looked dirty and the bottle later had a noxious odor.  The general superintendent of the defendant bottling company testified concerning the five washing operations and three brushing operations which each bottle must undergo before it is filled with Seven Up.  The bottles are then visually inspected immediately before they are filled. Immediately after they are filled and capped they pass by a group of photoelectric cells which scan each bottle and cause any bottle that has any foreign object in it to be rejected. The bottles are then each visually examined again by another of the bottling company's inspectors.  Defendant Huey testified that he in no way interfered with or changed the condition of the bottles from the time he received them from the bottling company until the time he sold them to customers.  All this evidence supports the inference that there was no foreign substance in the Seven Up bottle when plaintiff first opened it.

Furthermore, the only persons who were present when the bottle was first opened were plaintiff and her employee.  All the other witnesses first saw the bottle with the foreign substance in it at a later time.   ■■   It is elementary that the jury, in passing upon the credibility of a witness, is entitled to consider his interest in the result of the case, his

motive, and the manner in which he testifies (*Hamilton* v. *Abadjian*, 30 Cal.2d 49, 53 [179 P.2d 804] ; *Hicks* v. *Reis*, 21 Cal.2d 654, 659 [134 P.2d 788] ; *Blank* v. *Coffin*, 20 Cal.2d 457, 461 [126 P.2d 868] ), and the jury may disbelieve the testimony of the witness even though it is uncontradicted if there is any rational ground for doing so. (*Hicks* v. *Reis*, *supra*, pp. 659-660; *Blank* v. *Coffin*, *supra*, p. 461.) The jury in the present case was thus entitled to refuse to place full credence in the testimony of plaintiff and her employee.

The pertinent cases cited by plaintiff (such as *Vaccarezza* v. *Sanguinetti*, *supra*; *Medeiros* v. *Coca-Cola Bottling Co.*, 57 Cal.App.2d 707 [135 P.2d 676] ) involved situations where verdict in favor of plaintiff was affirmed on appeal because there was sufficient evidence in the record to support that verdict. In the case at bar, too, there is sufficient evidence to support the verdict of the jury, even though that verdict was in favor of defendants.

Plaintiff's next contention is that the trial court erred by refusing to give the following instruction to the jury: ''You are instructed that the law does not require that plaintiff establish some fault on the part of defendants, or either of them, in order for her to recover. This action is based upon a breach of warranty of fitness and not upon negligence or any fault of the defendants.'' The record shows that the question of negligence was never presented to the jury during the course of the trial. Plaintiff was, of course, entitled to have the jury fully instructed on the legal principle pertinent to the case, namely breach of warranty. We are satisfied that the several instructions given adequately informed the jury thereon. One instruction read as follows: ''You are instructed that the defendants warranted to the plaintiff that this bottle of Seven Up was reasonably fit for beverage purposes, and if you find from the evidence that there was a rodent or other similar foreign matter in this bottle at the time it was sold to and partially consumed by the plaintiff, then the beverage was not reasonably fit for beverage purposes and the defendants have breached their warranty to this plaintiff.'' This instruction clearly conveys the idea that fault on the part of the defendants in permitting a foreign substance to get into the bottle was not a necessary element to plaintiff's recovery; *it was sufficient if the substance was in fact in the bottle when it was sold to plaintiff.*

''It is not the rule that merely because an instruction may be said to be applicable to the case from the viewpoint

of the party offering it, the court by reason thereof is required to give it. It is sufficient if the court gives instructions which give the jury a well balanced statement of the essential legal principles which are to guide them in their deliberations. [Citation.] If the subject matter is properly covered and the law applicable to the case fully and fairly given, that is sufficient . . ." (*City of Los Angeles* v. *Frew,* 139 Cal.App.2d 859, 872 [294 P.2d 1073]. To the same effect: *Nippold* v. *Romero,* 145 Cal.App.2d 235, 241 [302 P.2d 367]; *Risley* v. *Lenwell,* 129 Cal.App.2d 608, 655 [277 P.2d 897].)

Furthermore, while it would not have been error for the trial court to call to the jury's attention matters which were not involved in the deliberation of the case (*Tingley* v. *Times-Mirror Co.,* 151 Cal. 1, 28 [89 P. 1097]; *Ambrose* v. *Allen,* 113 Cal.App. 107, 116 [289 P. 169]), no prejudicial error could result from the refusal to do so for the very reason that negligence was not an issue in the case. (*Cf. Ambrose* v. *Allen, supra,* p. 116.)

Plaintiff next contends that the court erroneously refused to give three instructions pertaining to plaintiff's right to recover for all damages proximately caused by defendants' breach of warranty even though she may have been more susceptible to injury than the average person. In view of the jury's implied finding that there was no breach of warranty and hence no liability, it is unnecessary to pass upon these instructions since they relate only to the issue of damages.

Plaintiff also complains of the refusal to instruct the jury that the only issue in the case was the amount of damages. The court's refusal was manifestly correct, since liability had not been established as a matter of law; whether or not there was a foreign substance in the Seven Up bottle when it was sold to plaintiff was a question of fact to be determined by the jury.

The following instruction was also refused: "You are instructed that this bottle of 7-Up, which contained the remains of a rodent or other similar foreign matter, was not reasonably fit for beverage purposes, and if you find that the consumption of a portion of the contents of said bottle caused plaintiff's illness and injuries she is entitled to recover therefor." This instruction was erroneous in two respects: (1) by stating that the bottle of Seven Up contained the remains of a rodent or other similar foreign matter, it assumed as established a fact which the jury had to determine (*Connell* v.

*Clark,* 88 Cal.App.2d 941, 948 [300 P.2d 26]) ; (2) it omitted the requirement that the foreign substance be in the bottle when it was sold to plaintiff. ■■■ ''Courts are not obliged to reframe erroneous or incomplete instructions and parties cannot complain that an instruction of that character has not been given.'' (*Davis* v. *Johnson,* 128 Cal.App.2d 466, 473 [275 P.2d 563].)

A careful study of the instructions given in this case satisfies us that the jury was fully and fairly informed on all the legal rules applicable to the facts.

The judgment and order are affirmed.

Moore, P. J., and Ashburn, J., concurred.