[Crim No. 6427. Second Dist., Div. Two. Mar. 19, 1959.]

THE PEOPLE, Respondent, v. REX C. MURRIE, Appellant.

Minsky, Garber & Rudof for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman L. Epstein, Deputy Attorney General, for Respondent.

FOX, P. J.—A jury having been waived, defendant was found guilty of a violation of section 470 of the Penal Code, forgery. He has appealed from the judgment and from the order denying his motion for a new trial.

Defendant's sole contention is that the evidence is insufficient to prove the offense charged.

Viewed in the light most favorable to the successful party in the trial court (*People* v. *Caritativo*, 46 Cal.2d 68, 70 [292 P.2d 513]), the following is a summary of the pertinent facts: On August 15, 1957, defendant purchased certain paints and related materials at the Hollywood Sinclair Paint Company store from salesman Gordon Ivey. The amount of the bill was $79.87. In payment defendant presented a check in the amount of $100 on the Bank of America, made out to himself as payee, and bearing the name and purporting to be signed by Nellie Thomsen as drawer. The back of the check bore the defendant's endorsement. Defendant received the above mentioned merchandise and the difference in cash.

Nellie Thomsen testified that she did not sign the check or write any portion of it, nor did she give anyone permission to sign her name to it.

While in custody, defendant stated that he had endorsed and passed the check at the paint store. He claimed that he had received the check from one "Bruce" as repayment of a loan. He was unable, however, to recall Bruce's last name or to tell the officers where they might be able to locate him. At the trial, defendant stated that one Bruce Gerber had owed him $100; that they had known each other for about six months, having become acquainted as a result of "shooting pool" together, but that he did not know where Gerber lived. He further testified that he and Gerber had loaned each other money on previous occasions. He stated that he had put pressure on Gerber to repay the loan, as he needed the money. According to defendant, Gerber told him that he would see Nellie Thomsen, who was in the hospital, that night and get the money from her. Defendant testified that the following day Gerber gave him the check in question, and told him that he had gotten it from Mrs. Thomsen. The check had the following statement written on its face: "advance on contract." He further testified that on asking Gerber about this notation on the check Gerber said, "I had to tell her something to get the money from her; that this $100.00 was to start a paint job." Defendant stated that he thought the check was proper and hence used it to pay for the materials that he purchased

at the paint store. He also testified that he was acquainted with Nellie Thomsen, and that she once operated a bar with Gerber.

Mrs. Thomsen testified that she did not know a man by the name of Bruce Gerber, but that she once operated a bar, and the name of her "bartender was Bruce." She also testified that she had talked to defendant about painting her house "but we never came to any arrangements" about it.

■ It should be borne in mind in passing on the sufficiency of the evidence to sustain a conviction, that before a reversal may be had, it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ■ We must assume in support of the judgment the existence of every fact which the trial court could have reasonably deduced from the evidence, and then determine whether the facts "justify the inference of guilt." (*People* v. *Deysher,* 2 Cal.2d 141, 149 [40 P.2d 259].) ■ If the circumstances reasonably justify the determination of the trier of fact, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant a reversal. (*People* v. *Newland, supra.*)

■ "The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud." (Pen. Code, § 470; *People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065].) This court stated in *People* v. *Morgan,* 140 Cal.App.2d 796, 800 [296 P.2d 75], that "crime is committed when one makes or passes a false instrument with intent to defraud."

■ That the check in question was not genuine is established by the testimony of Nellie Thomsen, the purported drawer, that she neither signed nor authorized anyone else to sign her name thereto. The check must then have been drawn by either the defendant or Bruce Gerber, for no other person appears to have had anything whatever to do with it. The trial court may well have disbelieved defendant's story to the effect that Gerber procured the check from Nellie Thomsen and delivered it to defendant in payment of a loan. Defendant's inability while in custody to recall Bruce's surname or to tell the officers where he might be located, tended to discredit his story since they had known each other for some six months and had purportedly loaned one another money on previous

occasions. ■ Furthermore, in passing on the credibility of the defendant and the weight to be given to his testimony, the court was entitled to take into consideration his interest in the outcome of this case. (*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521] ; *Hill* v. *Thomas,* 135 Cal.App.2d 672, 681-682 [288 P.2d 157].) ■ It is also significant that Bruce Gerber was not produced as a witness either at the preliminary hearing or at the trial in the superior court, nor was any explanation offered for his absence. In light of the foregoing, the trial judge could reasonably draw the inference that defendant drew the check in question. ■ This inference is fortified by the principle that "[t]he possession of an instrument recently forged, by one claiming under it, like the possession of goods recently stolen, is evidence against the possessor." (*People* v. *Smith,* 103 Cal. 563, 566 [37 P. 516] ; *People* v. *Geibel,* 93 Cal. App.2d 147, 168 [208 P.2d 743] ; *People* v. *Cline,* 79 Cal.App. 2d 11, 14 [179 P.2d 89].) ■ From this it obviously follows that defendant knew the instrument was not genuine. The intent to defraud, therefore, is a reasonable inference to be drawn from the fact that defendant knowingly employed this spurious check to procure paint and other materials from the Sinclair Company. These facts "justify the inference of guilt" (*People* v. *Deysher, supra*) drawn by the trial court. Therefore it cannot be said that the evidence is insufficient as a matter of law to sustain the conviction.

■ The basic difficulty with defendant's argument is that he would have this court reevaluate the credibility of the witnesses, reweigh the evidence, and draw inferences contrary to those drawn by the trial court. Under firmly established principles we are not at liberty to do this. (*People* v. *Gould,* 111 Cal.App.2d 1, 8 [243 P.2d 809].)

The judgment and order are affirmed.

Ashburn, J., and Herndon, J., concurred.