[Civ. No. 26302. Second Dist., Div. Two. Jan. 3, 1963.]

CALVIN L. TINNEY, Plaintiff and Respondent, v. JUANITA TINNEY, Defendant and Appellant.

Bernard & Jaffe and F. Filmore Jaffe for Defendant and Appellant.

Robert A. Eaton and James A. Withers for Plaintiff and Respondent.

FOX, P. J.—Plaintiff (husband) brought this action for declaratory relief seeking an adjudication of the rights of the parties in certain Oklahoma properties; the defendant filed a cross-complaint to quiet title to the same properties.

Plaintiff, Calvin L. Tinney, and defendant, Juanita Tinney, were married in Arkansas on December 31, 1953. On the day before—December 30—the parties executed an antenuptial agreement whereby defendant accepted certain benefits in full settlement of all her rights of dower, alimony and every other interest or claim in plaintiff's property and estate.

On April 14, 1960, an interlocutory decree of divorce was granted to the plaintiff against the defendant in the Superior Court of the County of Los Angeles. The divorce decree stated that the plaintiff was entitled to a divorce on the grounds of adultery and extreme mental cruelty, and awarded all the community property to the plaintiff and denied the defendant alimony or any other relief. During the course of the marriage, certain property was accumulated in California and Oklahoma. However, prior to the decree in the divorce action, the parties, through their respective counsel, executed a joint pretrial statement which provided that the community property consisted solely of the residence in Los Angeles, their household furniture and furnishings and two automobiles.

The plaintiff brings the instant action for declaratory relief for the purpose of having the court determine the rights of the parties with respect to: (1) a parcel of real property located in the State of Oklahoma; (2) an agreement for the sale of real property situated in Oklahoma (Beck contract) and the disposition of the moneys collected and to be collected thereunder; and (3) the proceeds derived from the sale by plaintiff of said property in Oklahoma, all of which are referred to herein as "the Oklahoma properties." These Oklahoma properties were not referred to in any manner in the findings of fact and conclusions of law, or in the judgment in the divorce action. The defendant, in addition to filing an answer set forth numerous affirmative defenses,[1] filed a cross-complaint against plaintiff, alleging that she is and was the sole owner of a one-half interest in the Oklahoma properties and asking the court to quiet her title thereto and to require an accounting by plaintiff of the moneys received by him under certain contracts.

After a three day trial, the court rendered judgment in favor of plaintiff, declaring that plaintiff was the sole owner of all the subject properties; that defendant has no interest therein; that defendant is ordered to execute and file a dis-

[1] One defense was that there was another action pending in Oklahoma.

missal with prejudice of the action pending in Oklahoma; that defendant is further ordered to execute and deliver to plaintiff a quitclaim deed to said properties within ten days; that defendant take nothing by reason of her cross-complaint; and that plaintiff recover his costs. The judgment also describes in detail the properties referred to as the Oklahoma properties.

Defendant's first point on appeal is that the issues in the present action have been previously adjudicated in the divorce action. This contention is without merit. The court in the divorce action found that the community property of the parties consisted solely of the following: (a) the land and buildings located at 422 Burlingame, Los Angeles; (b) household furniture and furnishings located on the above described property; (c) one 1959 Pontiac convertible automobile; and (d) one 1959 Pontiac sedan. The court awarded all of this property to the husband.

It is thus apparent that the extent of the community property was definitely adjudicated in the divorce action. Implicit in that determination was the fact that the Oklahoma property involved in the instant action was not community property.[2] However, this did not amount to an adjudication that the Oklahoma properties were the separate property of either of the parties.

While it is true that a court in a divorce action may determine the respective property rights of the parties, this determination is incidental to the divorce action and need not necessarily be adjudicated therein. If there is no such adjudication, the respective property rights may be determined in a subsequent action. (*Babcock* v. *Babcock*, 63 Cal.App.2d 94 [146 P.2d 279]; *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]; *Callnon* v. *Callnon*, 7 Cal.App.2d 676 [46 P.2d 988].)

Defendant's second argument is that the trial court should have abated the instant action until a determination could be made in the Oklahoma case. Abatement is available as a matter of right only where the following two conditions are met: (1) that both suits are predicated on the same cause of action, and (2) that both suits are pending in the same jurisdiction. (*Simmons* v. *Superior Court*, 96 Cal. App.2d 119 [214 P.2d 844, 19 A.L.R. 2d 288]; *Dodge* v. *Superior Court*, 139 Cal.App. 178 [33 P.2d 695].) Neither

---

[2]In her brief, defendant states, ''The Oklahoma properties were found not to be community property.''

condition is met in the instant case. Defendant's Oklahoma petition is concerned only with a part of the properties involved in the action at bar; and, of course, the two actions were brought in different jurisdictions.

The question of whether a court should stay or abate a proceeding in one state until an action in another state is completed is within the discretion of the trial court. Abatement may be ordered if to do so would advance the interest of justice. (*Simmons* v. *Superior Court, supra; Dodge* v. *Superior Court, supra; Pesquera* v. *Superior Court*, 89 Cal. App.2d 738 [201 P.2d 553].) Defendant has made no showing whatever of any abuse of discretion on the part of the trial court. She does not suggest that she was unable conveniently to attend the trial in California, that she was unable to produce in California any witnesses or any other evidence that would be available in Oklahoma, or that she was in any way prejudiced. The trial court properly acted within its discretion when it chose not to abate or stay the instant action.

Defendant's next point is that the antenuptial agreement was rescinded by mutual consent of the parties and the husband is estopped to assert its effectiveness. Defendant's position is unsound because she is, in effect, asking us to reweigh the evidence and upset a finding of the trial court merely because a contrary view is possible. This a reviewing court cannot do. "When there is sufficient evidence or any inference to be drawn from the evidence to support the findings of the trial court, an appellate court will not make determinations of factual issues contrary to those made by the trier of fact." (*Smith* v. *Bull*, 50 Cal.2d 294, 306 [325 P.2d 463]; *Ambriz* v. *Petrolane Ltd.*, 49 Cal.2d 470, 477 [319 P.2d 1].) "In reviewing the evidence, all conflicts must be resolved in favor of the questioned findings and all reasonable inferences indulged in their support." (*Butler* v. *Nepple*, 54 Cal.2d 589, 597 [6 Cal.Rptr. 767, 354 P.2d 239]; *Haidinger-Hayes, Inc.* v. *Marvin Hime & Co.*, 206 Cal.App.2d 46, 49-50 [23 Cal.Rptr. 455].)

In support of her position, defendant relies upon certain alleged conversations she had with plaintiff. Plaintiff, however, testified that he had no such conversation with his wife wherein he agreed to terminate the antenuptial agreement. He further testified that he rendered performance as required by the agreement. Thus, we have simply a conflict in the evidence which the trial court resolved against defendant.

In making such resolution, the trial court was entitled to take into consideration the fact that defendant was obviously interested in the outcome of the case in passing on her credibility and the weight to be given her testimony. (*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521]; *People* v. *Murrie,* 168 Cal.App.2d 770, 774 [336 P.2d 559]; *Tidlund* v. *Seven Up Bottling Co.,* 154 Cal.App.2d 663, 666-667 [316 P.2d 656].) "The trial judge was in a position to determine the credibility of the witnesses, to weigh the evidence, and to draw the inferences from such evidence as he saw it. It cannot be said that there was any abuse of his discretion under the circumstances." (*White* v. *Aetna Life Ins. Co.,* 198 Cal.App.2d 370, 378 [17 Cal.Rptr. 914].)

Defendant's fourth point is that her signature on a quitclaim deed and release of mortgage in connection with plaintiff's sale of certain of said property was a forgery and did not convey her asserted interest to the husband. The trial court found that the quitclaim deed in question was in fact invalid and false as to the wife and without any force and effect as to her. Accepting this finding to be warranted by the evidence, a reversal is still not justified. Since she had no interest in the property to begin with, the invalid quitclaim deed and release of mortgage could in no way have prejudiced her interest—for she had none.

The fifth point raised by defendant is essentially an attack on findings of fact four and five, wherein the court finds that plaintiff is the sole owner of the property in question and defendant has no interest therein. Defendant claims that she owns an undivided one-half interest in the property which is the subject of this action and that plaintiff has acknowledged this in writing. It must be pointed out that defendant does not even suggest that there is a lack of substantial evidence to support the trial court's finding that the wife has no interest in the subject properties. She, at this stage, is merely attempting to re-argue the same points that were raised at the trial. Plaintiff's testimony and the introduction into evidence of numerous documents constitute substantial evidence as to when plaintiff acquired title to the respective properties, how title was held in those properties and when and under what circumstances plaintiff divested himself of title to a portion thereof. Defendant does not direct us to any evidence in support of her position. The basic difficulty with defendant's argument is that she is again asking this court to reweigh the evidence and draw inferences contrary to those drawn by the trial court.

In her final point, defendant argues that plaintiff does not come into court with clean hands and hence is not entitled to equitable relief. She bases this contention, *inter alia,* on the fact that the quitclaim deed and release of mortgage were forgeries. ██ In this connection it should be pointed out that "[i]t is not every wrongful act, nor even every fraud, which prevents a suitor in equity from obtaining relief. His misconduct must be so intimately connected to the injury of another with the matter for which he seeks relief, as to make it inequitable to accord him such relief." (*Bradley Co.* v. *Bradley,* 165 Cal. 237, 242 [131 P. 750].) ██ In *Wiley* v. *Wiley,* 59 Cal.App.2d 840 [139 P.2d 950], the court stated (p. 842) : "It is settled that the act upon which equity may refuse relief to a plaintiff because he does not come into court with clean hands must prejudicially affect the rights of the person against whom the relief is sought so that it would be inequitable to grant such relief. [Citations.]" ██ While the trial court found that the documents were forged, there was no finding that plaintiff committed the forgery. Defendant does not in any way suggest how the forgery, even if accomplished by plaintiff, has prejudiced any of her rights. The trial court found that the husband was the sole owner of the subject properties. The wife's asserted interest in the properties could not have been divested by the forgery because she in fact had no interest therein. It is thus apparent that the defense of unclean hands is not here applicable.

Defendants attempts to appeal from the order denying her motion for a new trial. Since this is not an appealable order (Code Civ. Proc., § 963; *Rodriquez* v. *Barnett,* 52 Cal.2d 154 [338 P.2d 907]), the purported appeal therefrom is dismissed.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.