[Civ. No.. 27118.    Second Dist., Div. One.    Oct. 29, 1963.]

NANCY PERDUE, Plaintiff and Appellant, v. HOPPER TRUCK LINES et al., Defendants and Respondents.

[Civ. No. 27116.    Second Dist., Div. One.    Oct. 29, 1963.]

VIRGINIA LOUISE KANE, Plaintiff and Appellant, v. HOPPER TRUCK LINES et al., Defendants and Respondents.

(Consolidated Cases.)

Merrill Albert for Plaintiffs and Appellants.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Defendants and Respondents.

LILLIE, J.—Virginia Kane, driver of a Renault automobile, and Nancy Perdue, her passenger, each sued defendants for personal injuries arising out of a collision between the Renault and a truck and trailer driven by defendant Andersen and owned by defendant Hopper Truck Lines. The cases were consolidated for trial. Judgments for defendants were entered on jury verdicts; plaintiffs appeal. They claim there is no competent evidence to sustain the verdicts and the trial court erred in giving instructions on contributory negligence on the part of plaintiff Kane.

Around 11:30 a.m. on Sunday, February 7, 1960,

defendant Andersen was driving a truck and trailer southbound in the center lane on Glendale Boulevard. Near the intersection of Montrose, Glendale Boulevard runs north and south and has two lanes for southbound traffic—the lane next to the center double line (referred to herein as the center lane) is 9 feet wide; the lane near the west curb (referred to herein as the curb lane) is 15 feet wide, including therein an area for parked vehicles. The truck, a van-type vehicle, was red in color and the trailer silvery gray; they measured 36 feet long and 8 feet wide. Plaintiff Kane, also southbound on Glendale Boulevard, was driving her Renault in the curb lane behind the truck and trailer. One block north of Montrose plaintiff Kane approached the truck and trailer; at this location there was a row of automobiles parked along the west curb. Near the intersection of Montrose, as she commenced to pass the truck and trailer, contact occurred between the left side of the Renault and the right rear tire of the trailer, after which the Renault veered to the right and collided with a car parked along the west curb telescoping it into two parked cars ahead. Inasmuch as the contact between the rear of his trailer and the Renault was minor and obscured from his view and hearing because of his remote position in the cab 33 feet ahead and the noise of the diesel engine, defendant Andersen was unaware of the impact and the collision of the Renault with the parked cars, and continued on to the Hopper Truck Lines yard. He did not learn of the accident until the next day when he immediately communicated with police.

Appellants claim the evidence "overwhelmingly supports" a finding that the truck and trailer swerved over into the curb lane of traffic where it struck the Renault; however, the true issue is whether there is any substantial evidence, contradicted or uncontradicted, in favor of respondents. (*Crogan* v. *Metz*, 47 Cal.2d 398 [303 P.2d 1029]; *Estate of Teel*, 25 Cal.2d 520 [154 P.2d 384].) Appellants rely primarily upon the testimony of the only eyewitnesses, Beardo and Schweitzer, and the official police report. Neither plaintiff knew exactly what occurred. Asked if the truck came over into her lane at the time of the impact, plaintiff Kane answered: "That I couldn't say for sure"; she said she "suddenly became aware of a wall of gray. And that is all"; and while she testified that to her "knowledge" the Renault was within the confines of the curb lane, she did not specify her location in the lane or that she was not travelling near or on the dividing line of the curb and center lane. Plaintiff Per-

due testified that just prior to the impact she did not know in what lane the truck was traveling and was paying no particular attention to traffic; that she heard a noise but all she could see was "just a solid wall"; that the Renault "was completely within the right hand lane," but did not specify where in the lane it was travelling; and that she "couldn't say for sure" if the truck came over into the plaintiffs' lane.

James Beardo testified that the truck and trailer "sort of drifted" into the curb lane; Steven Schweitzer said he did not see the truck go over into the curb lane, that it "was almost in the lane. He (Andersen) was just switching into the lane." However, the record shows that at the time of the accident Beardo was a boy of 10 years, when the impact occurred he was on his bicycle 50 feet up Montrose (the intersecting side street) and his vision of the accident was limited to the width of Montrose, and at the trial, two and a half years later, he admitted he remembered the details only upon reviewing with plaintiffs' attorney the statement he gave the police officer; and that Schweitzer, a boy of 7, was standing 15 feet from the impact but had no recollection concerning it prior to reviewing with plaintiffs' attorney the statement he gave the police officer.

Officer Gerving was called to the scene and arrived shortly after the accident occurred. He found the Renault in the curb lane against the rear of one of the parked cars. He found only dents and a dark stain (tire marks from the trailer) on the left side of the Renault but extensive damage on its right side where it struck the parked car. He interviewed plaintiffs, Beardo and Schweitzer, all of whom pointed out the same location in the street where the impact between the Renault and trailer occurred. Based primarily on this and their statements, he located the impact at a point 15 feet east of the west curb line of Glendale Boulevard and 7 feet south of the prolongation of the south curb line of Montrose.

█ The trier of fact is the exclusive judge of the weight of the evidence, the credibility of witnesses and how factual conflicts shall be resolved. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].) █ The power of this court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, that will support the findings of the jury and when two or more infer-

ences can reasonably be deduced from the facts the reviewing court is without power to substitute its deductions for those of the trier of fact. (*Tidlund* v. *Seven Up Bottling Co.*, 154 Cal.App.2d 663 [316 P.2d 656]; *Wooten* v. *Coerber*, 213 Cal. App.2d 142 [28 Cal.Rptr. 635]; *Brewer* v. *Simpson*, 53 Cal. 2d 567 [2 Cal.Rptr. 609, 349 P.2d 289]; *Granger* v. *Antoyan*, 48 Cal.2d 805 [313 P.2d 848].) ██ With these rules in mind and viewing the evidence in the light most favorable to respondents and indulging all reasonable inferences in favor of the verdicts (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231]; *Estate of Arstein*, 56 Cal.2d 239 [14 Cal. Rptr. 809, 364 P.2d 33]) we deem the evidence sufficient to support the judgments.

The report of the officer, made by him at the scene of, and immediately after, the accident, shows the point of impact to be 15 feet east of the west curb of Glendale Boulevard; and this he placed on a diagram (Exhibit 4) in the court room. His determination of the point of impact was for the most part based on the statements of plaintiffs and the two eyewitnesses and the location in the street they pointed out to him. Plaintiff Kane admitted that she specified a location 15 feet west of the curb line as the point of impact. It is undisputed that the width of the curb lane in which plaintiffs were travelling was 15 feet. The witness Hald, safety officer for Hopper, measured the curb lane with a tape measure; he testified it measured 15 feet wide. Nowhere in the record is this testimony controverted. This evidence supports a determination that the truck did not cross into plaintiffs' curb lane, but that the Renault, travelling close to or on the dividing line of the center and curb lane, came in contact with the trailer on the dividing line. While at the trial Officer Gerving drew a diagram (Exhibit 4) and marked there the point of impact to be within the curb lane, he did so assuming the curb lane to be 16 to 18 feet wide; he later admitted that he had not measured the curb lane and would not dispute Hald's testimony that it was only 15 feet wide, bringing the point of impact on the dividing line between the curb and center lane. Moreover, inasmuch as defendants' truck and trailer were 8 feet wide and the center lane was 9 feet wide, the jury could reasonably infer that Andersen was not negligent in travelling close to the dividing line. As to the Renault, it was less than 5 feet wide and, even with cars some 6 feet in width parked along the curb, plaintiff Kane still had a space 9 feet wide in which to travel in the curb lane; in view of the room

allowed her the inference is reasonable that plaintiff Kane should not have been travelling on the dividing line, or so close thereto, as to come in contact with the trailer.

It is apparent that the jury, as it had a right to do, rejected the testimony of the eyewitnesses because of their tender ages, admitted lack of memory of detail, and the fact they were in no position to see the impact. This is in part borne out by the affidavit of plaintiffs' counsel on their motion for new trial; the foreman advised him "[T]hat the jurors disregarded the testimony of the independent witnesses, James Beardo and Steven Schweitzer, because they believed that these witnesses were not in a position to observe the contact of the vehicles.''

█ Without merit is appellants' claim that the jurors could not have given proper consideration to the case because of the short time in which they deliberated. It is unrealistic to assume that throughout a trial alert and intelligent jurors are not, in their own minds, sorting and weighing the evidence and considering the credibility of the witnesses, thinking about the evidence in light of the legal principles given when they hear argument and instructions, and contemplating the issues, even if there is a delay before deliberation, and that they are not ready to discuss the case when they officially retire. It is obvious that after preliminary discussion they found, on an early ballot, that their conclusions were unanimous, making further deliberation unnecessary. There is an absence in the record of any kind of showing that the jury based its verdict on any consideration other than the evidence. Moreover, the trial was neither extended nor complicated and the issues were simple; and in view of the jury's apparent determination that defendants were not negligent (the affidavit of plaintiffs' counsel on their motion also indicates that the foreman advised him that the jury simply rejected the claim of negligence and concluded that "both plaintiffs' car and defendants' truck drifted toward the center dividing line thus causing the collision") there was no reason to consider any other issue.

█ Finally, appellants argue that the trial court erred in giving defendants' requested instructions on contributory negligence relative to plaintiff Kane. The instructions are not part of the record, but inasmuch as no attack is made on their form or content and the only issue is whether the evidence supports them, we will briefly discuss the point raised. Appellants say that these instructions wrongfully permitted

defense counsel to argue to the jury that plaintiff Kane's negligence was a causative factor of the accident—a theory not founded on any evidence.

The Supreme Court in *Phillips* v. *G. L. Truman Excavation Co.*, 55 Cal.2d 801 [13 Cal.Rptr. 401, 362 P.2d 33], stated on this point at page 806: "It is hornbook law that each party to a lawsuit is entitled to have the jury instructed on all of his theories of the case that are supported by the pleadings and the evidence. It is incumbent upon the trial court to instruct on all vital issues involved. [Citations.] Contributory negligence is a basic defense in a personal injury action. [Citations] A trial court, where there is evidence to support such a defense, may not, by refusing to instruct on it, deprive a party of this defense. If it does, the error in refusing to instruct on it is obviously prejudicial in any case where the evidence admitted in support of the defense, if believed, would support a verdict in favor of the complaining part. [Citations.]

"Where the evidence on the issue of contributory negligence is conflicting, and would support a finding either way, the question is one of fact and not of law, and must be decided by the trier of facts...."

Appellants' argument is based upon the assumption that the impact occurred 2 or 3 feet within the curb lane. However, substantial evidence places the point of impact on the dividing line between the two lanes; and in consideration of the relatively large space in which the small car could have passed the truck and trailer as compared with the slight clearance afforded the truck and trailer in its own lane, the inference is reasonable that plaintiff Kane was negligent in driving the Renault, either on the dividing line or so close thereto as to come in contact with the trailer. Even assuming that the truck and trailer crossed into the curb lane, the evidence is subject to still another inference—that plaintiff Kane was negligent for her failure to observe that which was ahead of her and to keep her vehicle under control. The impact was between the left side of the Renault and right rear wheel of the trailer. Before she commenced to pass, there were some 36 feet of rig ahead of her and nothing to obscure her line of vision. For the trailer to have crossed 2 feet into her lane, the truck pulling it must first have entered it; had she been paying attention she would have seen the truck move into her lane and slowed down or veered right to avoid the trailer—she made no effort to do either.

In any event, no prejudice resulted, for the jury was prop-

erly instructed that contributory negligence of plaintiff Kane, if any, could not apply to plaintiff Perdue; thus inasmuch as the verdict was in favor of defendants against both plaintiffs, it is obvious that the jurors did not predicate their verdicts on any finding that plaintiff Kane was contributorily negligent.

For the foregoing reasons the judgments are affirmed.

Wood, P. J., and Fourt, J., concurred.