[Civ. No. 28866.   Second Dist., Div. Three.   Jan. 18, 1965.]

STANLEY S. LEEDS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MAURICE H. FRIEDMAN et al., Real Parties in Interest.

Frank C. Aldrich for Petitioner.

No appearance for Respondent.

Ball, Hunt & Hart, Donald B. Caffray and Joseph A. Ball for Real Parties in Interest.

McMURRAY, J., pro tem.*—Petitioner seeks a writ of prohibition, in the alternative a writ of mandamus to obtain

*Assigned by Chairman of Judicial Council.

either a dismissal or stay of proceedings in an action pending in respondent court. A prior action was pending in the State of Nevada between petitioner as plaintiff and real parties in interest as defendants concerning substantially the same subject matter as the California action, wherein real parties in interest are plaintiffs and petitioner is defendant.

■ "When an action is brought in a court of this state involving the same parties and the same subject matter as an action already pending in a court of another jurisdiction, a stay of the California proceedings is not a matter of right, but within the sound discretion of the trial court." (*Farmland Irrigation Co.* v. *Dopplmaier,* 48 Cal.2d 208, 215 [308 P.2d 732].)

Here the respondent trial court denied a "Motion to Dismiss Action or Stay Proceedings on Ground Another Action Pending in Clark County, Nevada," and thereafter denied a "Motion to Remove Cause from Pretrial Calendar and for Stay of Proceedings until Completion of Discovery and Determination of Petition for Writ of Prohibition." Both of these motions were denied after submission of points and authorities and argument to the court.

■ In order to justify a stay of proceedings in such a matter the court should consider among other things which court can best determine the matter because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings have already advanced. (*Farmland Irrigation Co.* v. *Dopplmaier, supra,* 48 Cal.2d 208, 215; *Simmons* v. *Superior Court,* 96 Cal.App.2d 119, 123-131 [214 P.2d 844, 19 A.L.R.2d 288]; *Pesquera del Pacifico* v. *Superior Court,* 89 Cal.App.2d 738 [201 P.2d 553]; *Tinney* v. *Tinney,* 211 Cal.App.2d 548, 552, 553 [27 Cal.Rptr. 239].)

Petitioner here alleges that the respondent court abused its discretion in denying the stay of proceedings sought, but aside from urging that some further proceedings may be necessary in Nevada to fully dispose of the litigation shows no real prejudice in such denial. In *Tinney* v. *Tinney, supra,* at page 553 it is said: "Defendant has made no showing whatever of any abuse of discretion on the part of the trial court. She does not suggest that she was unable conveniently to attend the trial in California, that she was unable to produce in California any witnesses or any other evidence that would be available in Oklahoma, or that she was in any way prejudiced. The trial court properly acted within its discretion when it chose not to abate or stay the instant action."

Real parties in interest include in their number one individual nonresident of California and a Nevada Corporation, but both of these parties urge that the California court hear the action. Petitioner and all other parties are residents of this state as are three necessary witnesses. Under these facts the trial court appears to have exercised its discretion properly.

The petition herein is denied, and the alternative writ of mandamus heretofore issued is discharged.

Shinn, P. J., and Ford, J., concurred.