[No. A053055. First Dist., Div. Two. May 12, 1992.]

BETTY L. LEADFORD, Plaintiff and Appellant, v.
JOHN L. LEADFORD, Defendant and Respondent.

COUNSEL

Patricia Berkowitz for Plaintiff and Appellant.

Page, Akulian, Harkins & Baker, David R. Baker and Douglas R. Page for Defendant and Respondent.

OPINION

BENSON, J.—Betty L. Leadford appeals from a trial court order sustaining respondent's demurrer without leave to amend and staying the action in part on the ground there is another identical action pending in another court. We conclude the stay was granted on improper grounds, and reverse.

FACTS

The court below treated the demurrer as though made to appellant's first amended complaint, even though that complaint was never filed. We derive

the facts from the amended complaints. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) In 1957, appellant and respondent were married in California. In 1970, they divorced in Pennsylvania. Under Pennsylvania law, the divorce decree incorporated a marital property settlement agreement, under which respondent agreed to make certain support payments to appellant and her children. Respondent failed and continues to fail to comply with his support obligations under the agreement.

In 1979, appellant filed an action in Pennsylvania state court to enforce the terms of the property settlement agreement, in particular those under which respondent had agreed to make support payments.[1] Respondent answered, but so far as it appears from our record, no further proceedings were taken in the action, and no judgment or other order terminating the action was filed.

Some 10 years later, in November 1989, appellant filed this action. In the interim, both appellant and respondent had moved to California. The original complaint reiterated respondent's breach of the marital settlement agreement, and was in most respects identical to the Pennsylvania action. In her proposed amended complaint, she added a cause of action to establish and enforce the Pennsylvania divorce decree, and for support orders under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) (Code Civ. Proc., §§ 1650-1699).[2] Respondent demurred on several grounds, among which was his contention there was another action raising the same issues pending between the parties in Pennsylvania.[3] The trial court deemed the demurrer as originally made to be the demurrer to the proposed amended complaint. As so deemed, it sustained the demurrer without leave to amend as to the causes of action under RURESA and to enforce the Pennsylvania divorce decree. It sustained the demurrer as to the remainder of the complaint on the ground there was another action pending, and stayed those causes of action. This appeal followed.

---

[1]Copies of the pleadings in the Pennsylvania action were filed below, together with respondent's request for judicial notice and assertion that certified copies of the pleadings would be forthcoming. The record does not reveal whether such copies were provided, nor does it contain any order granting the request. However, there was no objection to the request, and no contention the copies provided were inaccurate. The court below evidently took judicial notice, for its order is based in part on the pendency of the Pennsylvania action. Accordingly, for purposes of this appeal, we assume the copies of the Pennsylvania pleadings in our record are correct, and we take judicial notice of them and their contents.

[2]Because appellant does not contest that part of the order below sustaining the demurrer without leave to amend as to these two causes of action, we do not address them further.

[3]Respondent also moved for summary judgment. The trial court did not rule on the motion, and we do not discuss it here.

## Discussion

■ Appellant argues the trial court erred by staying this action pending the outcome of the Pennsylvania action. She bases her claim on an order of the Pennsylvania court purportedly transferring that action to California. We agree the court erred, though not for the reason advanced by appellant.[4]

■ The pendency of another earlier action growing out of the same transaction and between the same parties is a ground for abatement of the second action. (*Lord* v. *Garland* (1946) 27 Cal.2d 840, 848 [168 P.2d 5]; *Lawyers Title Ins. Corp.* v. *Superior Court* (1984) 151 Cal.App.3d 455, 458 [199 Cal.Rptr. 1].) The defendant may assert the pending action as a bar either by demurrer, or where fact issues must be resolved, by answer. (Code Civ. Proc., § 430.10, subd. (c); *Lord* v. *Garland, supra,* 27 Cal.2d at p. 848.) In either case, where the court determines there is another action pending raising substantially the same issues between the same parties, it is to enter the interlocutory judgment specified in Code of Civil Procedure section 597. (*Lord* v. *Garland, supra,* 27 Cal.2d at p. 851; and see *Plant Insulation Co.* v. *Fibreboard Corp.* (1990) 224 Cal.App.3d 781, 791-792 [274 Cal.Rptr. 147] [improper to dismiss subsequent action].) Under Code of Civil Procedure section 597, when such a judgment is entered, "no trial of other issues shall be had until the final determination of that other action." (Code Civ. Proc., § 597.) Abatement of the second action is a matter of right. A trial court has no discretion to allow the second action to proceed if it finds the first involves substantially the same controversy between the same parties. (*Lawyers Title Ins. Corp.* v. *Superior Court, supra,* 151 Cal.App.3d at p. 460.)

■ However, abatement is required only where the multiple actions are pending in courts of the same state. (*Simmons* v. *Superior Court* (1950) 96 Cal.App.2d 119, 123 [214 P.2d 844, 19 A.L.R.2d 288] [pendency of prior suit in one state cannot be pleaded as a bar to a subsequent suit in another state]; and see Rest.2d, Conf. of Laws, § 86.) Where, as here, the actions are pending in courts of different states, the determination whether to stay the later-filed action is discretionary, not mandatory, and should be raised by motion, not demurrer. (*Id.* at pp. 123-124; see, e.g., *Engle* v. *Superior Court*

---

[4]Appellant offers no authority and we have found none for the proposition that a sister state may transfer an action from its courts to California, or that a California court has any obligation to proceed should such an order emanate from a sister state. The law is to the contrary. (See Rest.2d, Conf. of Laws, § 84, com. (e), p. 253.) Transfers of actions brought in courts of other states would be a substantial invasion of the sovereignty of this state, to say nothing of the problems of judicial administration which would accompany such transfers, or the difficulties created for trial courts faced with the task of deciding lawsuits brought in other states.

(1956) 140 Cal.App.2d 71, 82-83 [294 P.2d 1026] [trial court had discretion to deny stay].)[5] In many cases, considerations of comity and the prevention of multiple and vexatious litigation will most often militate in favor of stay. However, other factors weigh in the balance, and where judicial economy, the interests of the forum, and the convenience of the parties weigh in favor of allowing the action to proceed, the trial court has discretion to deny the stay. (*Engle* v. *Superior Court, supra,* 140 Cal.App.2d at p. 83.)

At bench, the trial court erred when it relied on the pendency of the Pennsylvania action to sustain the demurrer and stay the action. As we have discussed, a demurrer on the ground another action is pending is appropriate only where the other action is pending in this state; where it is pending in a foreign jurisdiction, the proper means of obtaining a stay is by motion, on which appropriate factual matter outside the pleadings may be submitted and considered. (Code Civ. Proc., § 430.10, subd. (c); *Lord* v. *Garland, supra,* 27 Cal.2d at p. 848.) A discretionary ruling on whether to stay must take into consideration matters outside the pleadings, such as the seriousness of the threat of multiple and vexatious litigation, the convenience of the parties, the status of the foreign action, and the competing interests of the two forums. (*Engle* v. *Superior Court, supra,* 140 Cal.App.2d at p. 83.) Though there was some evidence of such matters before the court, they were beyond proper consideration on demurrer. We therefore decline to assume the trial court in fact exercised its discretion based on those facts. (*Estate of Larson* (1980) 106 Cal.App.3d 560, 567 [166 Cal.Rptr. 868].) In view of the above, we conclude the order sustaining the demurrer and staying the action must be reversed.

The order sustaining the demurrer to appellant's third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action is reversed, and the stay as to those causes of action is dissolved without prejudice to subsequent motions

---

[5]Respondent relies in part on our decision in *In re Marriage of Hanley* (1988) 199 Cal.App.3d 1109, 1115-1116 [245 Cal.Rptr. 441]. In *Hanley,* we found in part that where California and Washington dissolution actions were filed between the same parties and brought to judgment, the Washington court's judgment took precedence. (*Ibid.*) We based our conclusion on alternative grounds, first that the California action was subject to abatement, and second, that general principles applicable to conflicting judgments gave the Washington judgment precedence. (*Id.* at pp. 1115-1119.) To the extent *Hanley* suggests abatement of a California action is mandatory rather than discretionary, where there is a prior action pending between the same parties in a foreign jurisdiction, we disavow it. (See, e.g., *Leeds* v. *Superior Court* (1965) 231 Cal.App.2d 723, 724 [42 Cal.Rptr. 151]; *Tinney* v. *Tinney* (1963) 211 Cal.App.2d 548, 552-553 [27 Cal.Rptr. 239]; *Simmons* v. *Superior Court, supra,* 96 Cal.App.2d 119; Annot., Stay of Civil Proceedings Pending Determination of Action in Another State or Country (1951) 19 A.L.R.2d 301, §§ 1, 3-5.)

to stay the proceedings on proper grounds. Respondent's request for sanctions is denied. The parties are to bear their own costs on appeal.

Kline, P. J., and Smith, J., concurred.

A petition for a rehearing was denied June 5, 1992, and respondent's petition for review by the Supreme Court was denied July 23, 1992.