D'ORSAY EQUIPMENT CO., Inc.,
Plaintiff, Appellant,

v.

UNITED STATES RUBBER COMPANY,
Defendant, Appellee.

No. 5935.

United States Court of Appeals
First Circuit.

Heard April 3, 1962.

Decided May 22, 1962.

Bernard P. Rome, Boston, Mass., with whom Julius Thannhauser and Wasserman & Salter, Boston, Mass., were on brief, for appellant.

Blair L. Perry, Boston, Mass., with whom Edmund Burke, Boston, Mass., Walter Barthold, New York City, Hale & Dorr, Boston, Mass., and Arthur, Dry, Kalish, Taylor & Wood, New York City, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

The plaintiff-appellant, D'Orsay Equipment Co., Inc., a Massachusetts corporation, appeals from an adverse judgment of the United States District Court for the District of Massachusetts, sitting without a jury, in a contract action to recover some $11,248.88 from the defendant-appellee, United States Rubber Company, a New Jersey corporation. This money represented payments made in advance to the defendant, under an alleged mistake of fact, for a quantity of rubber milk dispensing tubes which plaintiff had ordered from the defendant but subsequently refused to accept because of asserted defects in prior installments.

Plaintiff is a distributor of dairy machinery and equipment, with a principal place of business in Malden, Massachusetts. On December 8, 1955, the defendant sent a written quotation to plaintiff in which defendant offered to sell the plaintiff a lot of 100,000 rubber milk-dispenser tubes at a price of $81.50 per thousand. This quotation contained specifications concerning the size of the tubes, the material from which the tubes were to be made and information relative to their packaging. In its "terms" section the quotation made provision for a two per cent discount if payment was made within 10 days. It also provided that shipments were F. O. B. Passaic, New Jersey. Immediately following the above-cited provision, the quotation contained the following language: "Except to the extent specified above, all quota-

tions, orders, sales and deliveries, as to this or any other merchandise are subject to the conditions of sale printed on the reverse side hereof. United States Rubber Company."

There then followed on the reverse side of the quotation eight conditions. Of special relevance is Condition #4—a disclaimer of warranty—couched in the following language:

"4. The Seller's products are not guaranteed for any specific length of time or measure of service but are warranted only to be free from defects in workmanship and material, and all goods shall be subject to Seller's normal manufacturing tolerances. Only those warranties herein set forth shall be deemed to have been made by the Seller, or relied upon by the Buyer. All previous communications, whether in the form of engineering recommendations or otherwise, are effective only to the extent therein contained.

"The Seller's liability for breach of the above warranty is limited to refunding the purchase price of the merchandise, or, at the Seller's option, to replacement upon its return. Under no circumstances shall the Seller be responsible for consequential damages.

"No claim for any breach of warranty herein will be considered unless delivered in writing to the Seller within thirty (30) days after date of delivery of the first shipment with respect to which claim is made."

Following receipt of this quotation, plaintiff placed an order for 100,000 tubes on or about January 17, 1956. The order was filled and the plaintiff thereafter distributed the tubes to its customers. This shipment of tubes proved to be completely satisfactory.

On May 11, 1956 plaintiff placed an additional order for more tubes with defendant. This order for 250,000 tubes contained the following language:

"Please enter our order for the following, subject to the terms and conditions hereon. Quantity—250 M. Description—Dispenser tubes—To be released as ordered in lots of 25 M. Price 81/50/M." (Pltff. Ex. 3) At the bottom of the order the following language appeared: "Please acknowledge receipt of this order immediately giving a definite shipping date. If prices are higher than shown hereon or last quoted, notify us at once before filling this order."

On May 15, 1956 the above order was accepted by the defendant in the following terms: "We wish to acknowledge and thank you for your order No. 03227 for 250,000 Dispenser Tubes. We wish to advise that this material will be made up and held at our warehouse for your release in lots of 25,000 pieces." (Pltff. Ex. 4)

Plaintiff contends that a substantial number of the tubes delivered incident to the order of May 11, 1956 were not of a merchantable quality. Consequently, on July 24, 1958 it brought the instant action seeking to rescind the contract and obtain the return of the purchase price of the tubes by virtue of the statutory warranties of the Uniform Sales Act which was in effect in both Massachusetts and New Jersey at all pertinent periods.

■ As noted previously, this case was tried to the court sitting without a jury and, consequently, invokes the familiar rule that "the findings of fact by a court shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." A. Belanger & Sons, Inc. v. United States, 275 F.2d 372, 375 (1 Cir. 1960), Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.

■ After considering the testimony and observing the witnesses, the trial judge, in two critical areas of proof, made findings of fact adverse to plaintiff's position. Our review of the record satisfies us that the court's findings are not clearly erroneous.

Initially, plaintiff maintains that the disclaimer of warranty contained in the quotation of December 8, 1955 should not be considered as part of the contract involving the tubes which plaintiff ordered in May 1956. Rather it maintains that the sole contractual indicia of this latter order should be regarded as plaintiff's Exhibits 3 and 4, e. g., Purchase Order No. 03227 of May 11, 1956 and the letter of the United States Rubber Company dated May 15, 1956, acknowledging receipt of the order.

In rejecting this contention and ruling that the disclaimer of warranty must be read as part of the May 1956 transaction, the district judge stated in language with which we agree:

"I rule that the contentions of the plaintiff that the December 8, 1955 quotation is not a part of the contract are totally untenable. I find that both subsequent to the execution of the contract and as late as the date of filing of plaintiff's memorandum of law, plaintiff at all material times took the position that defendant was required to individually wrap and pack the tubes. This obligation is mentioned only in the quotation of December 8, 1955. The quotation itself expressly states that it applies to the sale contemplated therein and to all subsequent sales of other merchandise to the same party, and plaintiff's order blank refers back to the last quotation in the printed legend cited above. I find and rule that Plaintiff's Exhibits 3 and 4 taken alone are inadequate to spell out an enforceable contract, since these two documents do not indicate what kind of tubes were the subject of sale, nor do they provide adequately for either payment or delivery."

The trial court's second finding, again, which cannot be said to be clearly erroneous, goes to the heart of plaintiff's case. In the words of the court:

"Plaintiff has failed to carry its burden of proof on the issue of the number of defective tubes sold to it by defendant under the contract. While I am satisfied from the evidence that plaintiff did receive complaints from its customers, I feel that there has been a failure of proof on the part of plaintiff to show that a material number of these tubes were in fact defective."

In his opinion, the trial judge noted and the record confirms that the plaintiff's evidence on the extent of the complaints which it received over the relevant period was "inconclusive and contradictory." Moreover, there was evidence that in 1956, when a large number of the alleged complaints were alleged to have been received, the plaintiff had purchased a substantial number of rubber tubes from another supplier. Plaintiff's witnesses, in the trial judge's view, did not always establish that the tubes which were the subject of complaints were actually manufactured by the defendant. Moreover, despite the plaintiff's contention of substantial defects in the tubes, its records were virtually totally barren of any documentary evidence indicating defects or replacements. Plaintiff produced witnesses from several of the companies to which it had shipped the assertedly defective tubes. Although these witnesses testified that they had registered complaints with the plaintiff, again, there was a total lack of corroborating records either as to defects or replacements.

Moreover, although plaintiff complained to defendant of having "lost practically all our tube business," as a result of the asserted defects, its own records introduced at the trial showed that its sale of milk-dispenser tubes increased significantly throughout the period at issue from 165,000 tubes sold in 1956 to 367,828 tubes in 1957, and increased again to 411,019 in 1958.

■ Undoubtedly this is a case where if the cause had been tried to a jury, plaintiff's evidence was sufficient to entitle it to go to the jury. However, here, as in a jury case, the trial judge was not compelled to credit all the testimony and had the prerogative to disbelieve the tes-

timony even if uncontradicted of any witness. Wynne v. Boone, 88 U.S.App.D.C. 363, 191 F.2d 220, 222 (1951).

Thus viewed and, as noted above, a careful review of the entire record convinces us that the district court's finding that plaintiff has failed to show that a sufficient number of the tubes were defective to give it the right to treat the contract as breached cannot be said to be clearly erroneous.

Under Condition #4, set forth above, where defects occurred in particular tubes, plaintiff, "at the seller's option" was limited to a replacement of the defective tubes or a refund. Defendant had clearly indicated to the plaintiff that it elected to "replace" any defective tubes and had actually done so on several occasions during the contract and, indeed, stood ready to do so even to the time that plaintiff instituted the present suit. Consequently, on the record plaintiff had no right to refuse to accept the goods here at issue.

A judgment will be entered affirming the judgment of the district court.