Marvin GLUCKSTERN

v.

Jay DUGAN.

Supreme Judicial Court of Maine.

Dec. 6, 1978.

Martin J. Crowe (orally), Belfast, for plaintiff.

Blake & Hazard by John L. Carver (orally), Belfast, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In a small claims action brought pursuant to 14 M.R.S.A. §§ 7451 et seq. upon a promissory note in the District Court, District Five, Division of Waldo, the Plaintiff, Marvin Gluckstern, on May 13, 1977, recovered judgment in the sum of $500 against the Defendant, Jay Dugan. Both parties were present, but neither was represented by counsel at the hearing that day. The Defendant seasonably appealed to the Superior Court in Waldo County. From the denial of that appeal by the Superior Court, the Defendant brings his appeal to this Court, asserting as his sole issue here that the District Court failed to settle and approve a statement of the evidence adduced in District Court as, he contends, was its duty under D.C.Civ.R. 75(c).

We deny the appeal.

To facilitate appeals where no electronic recording has been made, D.C.Civ.R. 75(c) provides as follows:

> In any case in which electronic recording would be routine or has been timely requested under Rule 76(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence of proceedings from the best available means, including his recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

Thus, this rule may be invoked only in a case where (a) electronic recording would be routine or (b) electronic recording has been timely requested under D.C.Civ.R. 76(a).[1]

The case before us meets neither of those requirements. The Defendant has not shown electronic recording to be routine in

---

1. This limitation may be contrasted with M.R. Civ.P. 74(c) which permits a similar procedure to be followed whenever "no report of the evidence or proceedings at a [Superior Court]

hearings on small claims. Indeed, we apprehend the contrary to be the case. The Chief Judge of the District Court has not by administrative order directed that all such proceedings be recorded routinely without special request or order, as the Chief Judge is empowered to do under D.C.Civ.R. 76(a). Neither has the Defendant shown any request by him, timely or otherwise, for recording of the proceeding in District Court.[2]

The rationale of this rule is obvious. A busy court should not be obliged to undertake the often difficult and always time-consuming task of settling and approving the statement of the evidence unless in advance of hearing a party has sought to have a recording made, and the recording techniques were unsuccessful. Only when the electronic means have failed, is it justifiable to require a settling and approving of the statement of the evidence by the District Court, a laborious process involving the frailties of human memory.[3]

In the context of the small claims procedure this provision of our rules is especially appropriate. Small claims procedure is intended to be "simple, speedy and informal." 14 M.R.S.A. § 7452 (1964). Under normal circumstances a recording of the proceedings would only add complexity, delay and formality. Absent a request for a recording, to require that thereafter statements of the evidence by the opposing parties be prepared and submitted to the court for settlement would add still more complexity and delay to small claims procedure.

We conclude that the Defendant was not entitled to a settlement and approval of a statement of the evidence.[4]

The entry will be:

Appeal denied.

Order of Superior Court denying appeal affirmed.

McKUSICK, C. J., and POMEROY, J., did not sit.

---

hearing or trial was made, or if a transcript is unavailable . . . ." We have twice had occasion to observe that when M.R.Civ.P. 74(c) is invoked, the requirements of that rule must be carefully followed. *Gibson v. McMillin*, 157 Me. 239, 242, 170 A.2d 414 (1961) (statement of evidence must be submitted to court); *O'Malley v. O'Malley*, Me., 338 A.2d 149, 154 (1975) (statement of evidence must be served on opposing party). No less diligence is appropriate when parties are proceeding under D.C.Civ.R. 75(c).

2. Had he made such a request, it would have been incumbent on him further to show that no recording was made "for reasons beyond the control of any party" in order to invoke D.C. Civ.R. 75(c).

3. Prior to January 18, 1974, D.C.Civ.R. 75(c) read as follows:

In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service

upon him. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

The Advisory Committee adverted to the considerations we have addressed above in its note, thus explaining the amendment:

"Rule 75(c) is amended to continue the present practice of allowing an appeal on the appellant's statement of the evidence only when there is no recording or transcript for reasons beyond the control of the parties, such as mechanical failure. The purpose of the change is to encourage use of the recording and transcript procedure and to eliminate the administrative burdens involved in the adversary formulation of the statement, except where the statement is truly necessary."

4. Insofar as the Defendant was appealing from the denial of his motion for a new trial by the court below, the limited record before us does not sustain his position. Indeed, only through a statement of the evidence before the District Court could he demonstrate in part an entitlement to a new trial. Therefore, in this Court the Defendant wisely devoted his argument, both in writing and orally, to the issue considered in this opinion.