AUTO SALES & FINANCE COMPANY

v.

**Paul SEAVEY.**

Supreme Judicial Court of Maine.

May 18, 1979.

Udell Bramson, Portland, for plaintiff.

Judy R. Potter, Supervising Atty., Cumberland Legal Aid Clinic, Portland, George

---

Terry, Student Atty. (orally), Patricia Goodridge Worth, Paul Gillies, Student Attys., for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

On November 2, 1972, plaintiff brought an action against the defendant upon a "statement annexed" descriptive of a February, 1972 sale of a motor vehicle. The defendant answered by a general denial, asserted affirmative defenses, and counterclaimed for breach of certain warranties. Following an adverse judgment on all issues in the District Court, Paul Seavey [1] appealed to the Superior Court. No transcript or electronic recording had been made of the trial, but the appellant prepared a statement of the evidence pursuant to Rule 75(c), M.R.D.C.Civ.P., which the District Court judge approved with the exception of portions of one point.[2] Since this statement had been mischaracterized as "findings of fact" and the precise nature of one witness' testimony remained ambiguous, the Superior Court justice remanded the case

to the District Court in order that a reconstruction of the Plaintiff's omitted testimony may be included with said record, and in order that the District Court Judge's findings of fact may be restated as conclusions drawn from the evidence rather than as recitations of testimony.

■ On remand the fact finder clarified his settlement of one portion of the statement of the evidence but did not go beyond the mere recitation of the testimony relating thereto.[3] When the case again came to the Superior Court the justice below, finding sufficient evidence to support the District Court's judgment, affirmed that decision. From that affirmance the appellant brings this appeal in which he asserts that the lower courts improperly failed to find from the testimony a breach by the appellee of an express warranty and a rightful rejection by the appellant of nonconforming goods. See 11 M.R.S.A. §§ 2–301, 2–601.

We deny the appeal.

In 1972 Mr. Seavey inspected a 1961 GMC truck-tractor offered for sale on appellee's used car lot. According to the appellant's testimony, at the time he inspected the vehicle it was equipped with mirrors, floorboards, four good tires and a good battery. When testifying that the truck ran well, however, he stated that the tractor was "jump-started." Appellant further testi-

---

1. Without its presence in the record on appeal, we are left to piece together what the judgment in the District Court was and when it was rendered. We assume from the caption of the Superior Court justice's order that a judgment was entered only against the appellant, Mr. Seavey, and not his wife. Since the matter is not dispositive of the case, we may further assume that judgment was entered not more than ten days prior to October 14, 1976, the date on which appellant apparently filed his notice of appeal. See Rule 73(a), M.R.D.C. Civ.P.; Rule 6(b), M.R.Civ.P.

2. The trial judge was not *compelled* by Rule 75(c), however, to settle and approve a statement of the evidence. No request for a recording having been made pursuant to Rule 76(a), M.R.D.C.Civ.P., and the making of an electronic recording not being routine, Rule 75(c) could not be invoked in order to *mandate* a settlement of a statement of the evidence. *Gluckstern v. Dugan,* Me., 394 A.2d 1181 (December 6, 1978). The trial judge having approved a statement of the evidence, however, we consider the case to be sufficiently postured for review.

3. Rule 52(a), M.R.D.C.Civ.P., does not, of course, compel the trial judge to find the facts specially unless the proceedings have been recorded pursuant to Rule 76, M.R.D.C.Civ.P. Nor does the absence of findings of fact prohibit our review of the lower court's proceedings.

   Rule 52(a) provides:
   FINDINGS BY THE COURT
   (a) Effect. *In all actions tried upon the facts in which the proceedings have been recorded pursuant to Rule 76* of these rules, *the court shall,* and *in all other actions the court may,* upon request of a party made as a motion within 5 days after notice of the decision, or may upon its own motion, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the court to judge the credibility of the witnesses. . . .
   (emphasis supplied)

fied that he agreed to purchase the tractor only if it "was given a state inspection sticker."

When the tractor was delivered to the Seavey residence, according to appellant's testimony, the mirrors and floorboards were missing, the engine would not start and the tires had been replaced with four tires that had little or no tread. Appellant further stated that he initially refused to take delivery of the tractor because of the changes that he insists were made to the vehicle. When a representative of the appellee company informed him, however, that he would lose the money that he had already paid on the vehicle, appellant accepted delivery of the tractor and subsequently made two complete monthly payments.

Upon a Retail Buyer's Order signed by the appellant was written "Sold as is— where is absolutely no guarantee." Appellant testified at trial, however, that such language did not appear on the agreement when he signed it.

█ Before reaching the issue of a rightful rejection which appellant raises on appeal, we must first find that the evidence presented compelled the District Court judge to determine that a representative of the appellee made an express warranty regarding the truck's running condition and equipment that was subsequently breached. *See* 11 M.R.S.A. § 2–313(1). Since no findings of fact pursuant to Rule 52(a), M.R.D. C.Civ.P., were made by the District Court judge, we take as granted that all findings of fact necessarily involved in the decision were resolved favorably to the appellee. *See, e. g., Atlantic Acoustical & Insulation Co. v. Moreira,* Me., 348 A.2d 263, 265 (1975); *Bangor Spiritualist Church, Inc. v. Littlefield,* Me., 330 A.2d 793, 794 (1975); *Blue Rock Industries v. Raymond International, Inc.,* Me., 325 A.2d 66, 73 (1974). We must assume, therefore, that the District Court judge found the appellee guilty of no breach of express warranty.

█ The validity of this finding of fact is measured by the clearly erroneous standard. *See, e. g., Atlantic Acoustical & Insulation Co. v. Moreira, supra* at 266; *Gay v. Gay's Super Markets, Inc.,* Me., 343 A.2d 577, 579 (1975).

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the court to judge the credibility of the witnesses.

Rule 52(a), M.R.D.C.Civ.P.

█ The testimony of the appellant regarding the existence of express warranties and breaches thereof stands uncontradicted within the statement of the evidence. In fact, one would be rightfully somewhat incredulous if a representative of the appellee had recalled the exact condition of a truck involved in a sale over four years earlier. Nevertheless, the trial judge was not compelled to accept as true the testimony of the appellant, an interested party and the proponent of the affirmative defense and counterclaim based upon the asserted express warranties. The trier of fact had the prerogative to disbelieve a witness whose testimony, although uncontradicted, seemed inherently incredible. *D'Orsay Equipment Co. v. United States Rubber Company,* 302 F.2d 777, 779–80 (1st Cir. 1962); *Powers v. Continental Casualty Company,* 301 F.2d 386, 388–89 (8th Cir. 1962); *McLaughlin (Estate of McLaughlin) v. Chicken Delight, Inc.,* 164 Conn. 317, 321 A.2d 456, 457 (1973); *Foreman & Clark Corporation v. Fallon,* 3 Cal.3d 875, 92 Cal.Rptr. 162, 479 P.2d 362 (1971). On the basis of the statement of the evidence, we can find no clear error in the District Court judge's assumed finding of no breach of an express warranty.

The entry is:

Appeal denied. Judgment affirmed.

McKUSICK, C. J., and POMEROY, J., did not sit.