Mary C. HOWELL

v.

A. Ervin HOWELL.

Supreme Judicial Court of Maine.

Argued Nov. 21, 1979.

Decided Aug. 19, 1980.

Powers & Bradford, Carl O. Bradford (orally), Freeport, for plaintiff.

Cole & Daughan, Francis P. Daughan (orally), Wells, for defendant.

Before McKUSICK, C. J., POMEROY,* WERNICK, ARCHIBALD,** GODFREY, NICHOLS and GLASSMAN, JJ., and DU-FRESNE and DELAHANTY, A. R. JJ.

WERNICK, Justice.

On September 9, 1978, plaintiff Mary C. Howell filed in the Maine District Court, District Ten, Division of Southern York, a motion against defendant A. Ervin Howell seeking enforcement of particular provisions contained in a divorce judgment entered in said District Court more than two years earlier, on August 27, 1976.

On October 23, 1978 the District Court held a hearing on plaintiff's motion, and on November 3, 1978 entered judgment for plaintiff finding an arrearage against defendant and ordering execution to issue for the amount of the arrearage. Twelve days thereafter, on November 15, 1978, defendant filed with the District Court a motion for findings of fact, requesting that the

---

\* Pomeroy, J., sat at oral argument but retired prior to preparation of the opinion.

\*\* Archibald, J., sat at oral argument but retired prior to preparation of the opinion. He joins the opinion as *Active Retired Justice.*

Court find specifically that at the time the plaintiff's September 9, 1978 motion had been filed and the hearing of October 23, 1978 had been held, there was pending in the Probate Court for Middlesex County, Massachusetts "an order" brought to enforce certain provisions of the same August 27, 1976 Maine divorce judgment. Defendant's motion included documents purporting to demonstrate the pendency of the Massachusetts action. Plaintiff filed objections to defendant's motion for finding of facts, one objection being that the motion was too late since it was filed a week beyond the "5 days after notice of the decision" prescribed by Rule 52(a) M.Dist.Ct.Civ.R. The District Court denied defendant's motion for findings on the ground that the motion "was not duly filed on time." The Court also ruled that

> "the findings of fact and conclusions of law are sufficiently set forth in the Order of this Court dated November 1, 1978."

Defendant then appealed to the Superior Court from the District Court judgment. The Superior Court denied the appeal.

In his appeal to this Court defendant presents only one question for decision: whether the Superior Court erred in failing to conclude that the District Court judge was guilty of an abuse of discretion in refusing to stay the District Court proceeding pending resolution of the proceedings being conducted in Massachusetts.

■ We must deny the appeal because defendant has not presented to us a record of the proceedings in the District Court by which we can assess whether the District Court judge acted within, or outside, the limits of a sound discretion.

■ In the District Court defendant had moved *orally* for a stay of the proceedings. However, because we have no transcript of the District Court proceedings, we cannot tell whether defendant attempted to introduce evidence establishing the existence of an action pending in Massachusetts at that time. Furthermore, defendant made no attempt to settle the record of the hearing, as authorized by M.Dist.Ct.Civ.R. 75(c) or 75(d).[1] Thus, no appropriate record came before the Superior Court to allow that Court to adjudicate the issue of whether the District Court had abused its discretion in entertaining plaintiff's action in view of the pending Massachusetts action. *See Northern Mill and Lumber Co. Inc. v. Maynard*, Me., 412 A.2d 384 (1980). Indeed, when defendant was made aware in the Superior Court of the lack of a transcript of the proceedings in the District Court, thus to preclude a Superior Court decision regarding an alleged abuse of discretion by the

---

1. Maine District Court Civil Rule 75(c) provides that:

> "In any case in which electronic recording would be routine or has been timely requested under Rule 76(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court."

Maine District Court Civil Rule 75(d) provides that:

> "When the questions presented by an appeal to the Superior Court can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the Superior Court.
>
> "The statement shall include a copy of the judgment appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the District Court judge may consider necessary fully to present the questions raised by the appeal, shall be approved by the District Court judge and shall then be certified to the Superior Court as the record on appeal."

District Court judge, defendant sought to justify the making of a factual record *for the first time* in the Superior Court by taking the position that the issue he was raising should be characterized as a lack of subject-matter jurisdiction in the District Court. He maintained that the District Court's jurisdiction over the action commenced by plaintiff's September 9, 1978 motion was divested, or ousted, by reason of the pendency of the Massachusetts action.

The Superior Court correctly rejected this argument. Even were an identical action pending between the same parties in Massachusetts at the time the Maine action was commenced on September 9, 1978, the pendency of such a proceeding in Massachusetts would not have deprived the Maine District Court of jurisdiction to entertain that action. In *Fitch v. Whaples*, Me., 220 A.2d 170 (1966), we said that

> "[b]y the great weight of authority, the pendency of an action in personam, or transitory action, in one state is not sufficient cause, as a general rule, for the abatement of an action subsequently commenced in another state between the same parties for the same cause, even though complete jurisdiction has been acquired by the court in which the first action is pending." *Id.* at 172.

*See, e. g., Estes v. Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968); *Tinney v. Tinney*, 211 Cal.App.2d 548, 27 Cal.Rptr. 239 (1963); *Farah v. Farah*, 25 Ill.App.3d 481, 323 N.E.2d 361 (1975); *Greenberg v. Greenberg*, 11 N.J.Super. 582, 78 A.2d 723 (1951); *Marcus v. Marcus*, 3 Wash.App. 370, 475 P.2d 571 (1970).

■ Thus, whether proceedings should be stayed in a particular instance in order to permit adjudication of the same action pending in another jurisdiction does not affect the court's subject-matter jurisdiction but, rather, calls upon the court to exercise a sound discretion in all the circumstances. *Fitch v. Whaples, supra*, at 172. Hence, defendant's appeal to the Superior Court was confined to a claimed abuse of discretion by the District Court judge, and defendant was required to bring forward an appropriate record of the District Court proceedings. He had no right to seek to present evidence de novo in the Superior Court.

■ Similarly, in seeking to have this Court review the exercise of discretion by the District Court judge, defendant was obliged to bring forward an appropriate record of *what was presented* to the District Court, *not* a record of evidence he *incorrectly* proposed to present *for the first time* in the Superior Court.

The Superior Court had no record before it adequate to show an abuse of discretion by the District Court judge, and we have no such record before us.

The entry shall be:

Appeal denied; judgment of the Superior Court affirmed.

All concurring.