Irene G. **EMERY**

v.

Richard M. **EMERY**.

Supreme Judicial Court of Maine.

Argued May 7, 1984.

Decided June 4, 1984.

Crowley, Crowley & Smith, Durward W. Parkinson (orally), Robert E. Crowley, Biddeford, for plaintiff.

Reiner & Bouffard, Gary H. Reiner (orally), Kittery, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant Richard M. Emery appeals from a judgment of the Superior Court (York County), affirming the divorce judgment entered in the District Court on February 8, 1983, and an amendment to that judgment entered on April 18, 1983. The Superior Court denied Mr. Emery's appeal because of the lack of an adequate record of the District Court proceedings. On this appeal Mr. Emery contends the District Court erred in refusing to settle and approve a statement of the evidence to be used in lieu of a transcript on the Superior Court appeal, and in the determination and distribution of the marital property. Finding the District Court committed no error, we affirm the judgment.

Following a hearing in the District Court on February 8, 1983, Irene Emery was granted a divorce from her husband Richard Emery on the ground of irreconcilable marital differences. The record does not indicate any recording of that proceeding was requested, pursuant to M.D.C.Civ.R. 76(a), and none was made. The divorce judgment ordered distribution of the marital property, gave the wife custody of the children, and ordered the husband to pay $50 per week per child in support, $300 of the wife's attorney's fees, and $8000 to the wife.

Within ten days, the defendant moved for amendment of the divorce judgment. His motion asked for major changes in the determination and distribution of the marital property, and certain other alterations of the judgment. Both parties submitted the matter to the District Court on briefs. The amendment to the divorce decree was entered on April 18, 1983, finding the "net equity of all the real estate and personal property of the parties" to be $131,000. The court did not alter the determination of marital property or the distribution scheme of the original judgment. The defendant subsequently appealed to the Superior Court, pursuant to M.D.C.Civ.R. 73(a), from the original and the amended judgments.

The defendant made a timely motion, pursuant to M.D.C.Civ.R. 75(c), for settlement and approval of a statement of the evidence to be used instead of a transcript on his appeal, there being no recording of the divorce hearing. The plaintiff objected to the proposed statement of evidence, and submitted proposed amendments thereto. The District Court subsequently denied the defendant's motion, as "not required or necessary pursuant to 52a MRCP & 75c MRCP."

The parties filed briefs in the Superior Court, and a hearing was held on the defendant's appeal on October 25, 1983. From the judgment of the Superior Court affirming the District Court judgment, ow-

ing to the absence of a record of the District Court proceedings, the defendant appeals.[1]

The defendant's first contention is that the District Court erred in refusing to settle and approve his proposed statement of the evidence. He argues that because the judge had before him the defendant's proposed statement and the plaintiff's proposed amendments to the statement, the judge's action constituted reversible error. We disagree.

Maine District Court Civil Rule 75(c) provides:

(c) *Appeals When No Electronic Recording Was Made.* In any case in which electronic recording would be routine or has been timely requested under Rule 76(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

In *Gluckstern v. Dugan,* 394 A.2d 1181 (Me.1978), we described the limited situations in which the statement of the evidence may properly be used: "[T]his rule may be invoked only in a case where (a) electronic recording would be routine or (b) electronic recording has been timely requested under D.C.Civ.R. 76(a)." *Id.* See also *Northern Mill and Lumber Co. v. Maynard,* 412 A.2d 384, 385 n. 1 (Me.1980)

("[T]he creation of a record on appeal in the absence of electronic recording can be pursued *only* in special, limited situations"). As we explained in *Gluckstern,*

A busy court should not be obliged to undertake the often difficult and always time-consuming task of settling and approving the statement of the evidence unless in advance of hearing a party has sought to have a recording made, and the recording techniques were unsuccessful. Only when the electronic means have failed, is it justifiable to require a settling and approving of the statement of the evidence by the District Court, a laborious process involving the frailties of human memory.

394 A.2d at 1182.

■ Although the defendant stated in his motion for approval of the statement of the evidence that "This is a case in which electronic recording would have been routine but no recording was made or is available," the Chief Judge of the District Court has not by administrative order directed that all such proceedings be recorded routinely without special request or order, as the Chief Judge is empowered to do under M.D.C.Civ.R. 76(a). Furthermore, the defendant has made no showing that any request was made for a recording of the original divorce hearing. In the absence of a showing of routine recording or a request for recording, the District Court was not required to settle and approve the proposed statement of the evidence. In *Auto Sales & Finance Co. v. Seavey,* 401 A.2d 648, 649 n. 2 (Me.1979), we stated:

The trial judge was not *compelled* by Rule 75(c) ... to settle and approve a statement of the evidence. No request for a recording having been made pursuant to Rule 76(a), M.R.D.C.Civ.P., and the making of an electronic recording not being routine, Rule 75(c) could not be invoked in order to *mandate* a settlement of a statement of the evidence.

*Williams v. Williams,* 444 A.2d 977, 978–79 (Me. 1982); *Ziehm v. Ziehm,* 433 A.2d 725 (Me.1981); *Howell v. Howell,* 418 A.2d 181 (Me.1980).

---

1. On this appeal, where the Superior Court has acted as an intermediate appellate tribunal, we review directly the action of the District Court.

In the present case, we find no error in the District Court's refusal to settle and approve a proposed statement of the evidence.

■ Because of the absence of an adequate record, we do not address the defendant's further contention that the District Court judge abused his discretion in the determination and distribution of the marital property. We have repeatedly stated that an appellant has an affirmative duty to support his appeal with "a record sufficient in content to permit a fair consideration of the issues by the appellate court." *Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980). *Accord Howell v. Howell*, 418 A.2d 181, 183 (Me.1980); *Boothbay Register, Inc. v. Murphy*, 415 A.2d 1079, 1080 (Me. 1980). In the present case, the appellant has not presented us with such a record.

The entry is:

Judgment affirmed.

All concurring.