Susan DESROSIERS

v.

Roger DESROSIERS.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 1991.

Decided Dec. 18, 1991.

Paul D. Mathews, Gardiner, for plaintiff.

John P. Jabar, Daviau, Jabar & Batten, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

On appeal Roger Desrosiers contends that the Superior Court (Kennebec County, *Chandler, J.*) erroneously reversed the order of the District Court (Waterville, *Clark, A.R.J.*) amending and modifying a divorce judgment as it related to child support. We agree and accordingly vacate the judgment of the Superior Court.

Susan and Roger Desrosiers were divorced on March 17, 1989. The divorce judgment provided, *inter alia,* that the parents would share parental rights and responsibilities of their two minor children, whose primary residence would be with Susan, and that Roger would pay Susan fifty-five dollars per week as child support for each child, beginning March 1, 1989, with payments to increase on March 1, 1990 to sixty-five dollars per week for each child. Within a few months after the divorce and after one child had begun living with him, Roger filed a motion to alter and amend the divorce judgment to reflect the change in circumstances. Thereafter, Susan also filed a motion to alter and amend the divorce judgment to provide for additional child support.

In the interim period between the entry of the original divorce judgment and the hearing on these motions, the Supreme Judicial Court adopted child support guidelines establishing certain criteria governing the amount of child support awarded in any proceeding held for that purpose.[1] The District Court, after a hearing on the motions, amended the divorce judgment to reflect the change in the residence of one child. Based on a finding that "fairness, [and] health and welfare of the children"

1. The enabling legislation provided in relevant part:

3. **Criteria for application of table.** The Supreme Judicial Court shall adopt rules establishing criteria for application of the child

called for deviation from the guidelines and that application of the guidelines would be "unjust and inappropriate," the court further amended the divorce judgment to provide that Roger pay sixty dollars a week to Susan for the support of the child remaining in residence with her. Susan appealed to the Superior Court, contending that the District Court had failed to make adequate findings to support a deviation from the child support guidelines.

After a hearing, the Superior Court reversed the decision of the District Court on the ground the court had not provided sufficient facts to support its finding, fixed the child support to be paid Susan at $104.80 per week and remanded the matter to the District Court for the entry of a judgment in accordance with the decision of the Superior Court. Roger appeals.

When the Superior Court acts as an intermediate appellate tribunal, we review directly the decision of the District Court. *Emery v. Emery*, 476 A.2d 193, 195 n. 1 (Me.1984). Where, as here, no request for any further findings by the trial court has been made by either party, we assume the court has made all the necessary findings required by its decision, and if supported by the evidence, these assumed findings cannot be set aside as clearly erroneous. *Murray v. Murray*, 529 A.2d 1366, 1368 n. 1 (Me.1987). *See also Shirley v. Shirley*, 482 A.2d 845, 850 (Me. 1984) (if sufficient evidentiary support in record, trial court's finding will not be altered or overturned because evidence also would support alternate finding).

The finding of the District Court set forth in its decision complies with the guidelines' allowance for a trial court's deviation from their application.[2] Nothing in the guidelines requires that the trial court set forth the finding of additional supporting subsidiary facts. Susan made no request of the District Court for further factual findings, nor has she demonstrated that the court's finding on which it based its deviation from the application of the guidelines is clearly erroneous.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to enter judgment affirming the judgment of the District Court.

All concurring.

---

support table for use in judicial proceedings to establish child support by October 12, 1989, which rules shall provide that consideration shall be given to the relative periods of time which a child spends with each parent and the relative consequential financial burden this places upon each parent.... The criteria for application of the child support table must provide that the total child support obligation shall be divided between the parents in proportion to their respective gross incomes.

....

**5. Presumption.** There shall be a rebuttable presumption in any judicial or administrative proceeding in which child support may be established or modified, in which a hearing is held, on or after October 12, 1989, that the amount of the award which would result from the application of the support guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the support guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption in that case if the finding is made under criteria established under this section.

19 M.R.S.A. § 303–A (Supp.1989), *repealed by* P.L.1989, ch. 834, § B–7 (effective April 17, 1990).

**2.** The relevant language provides:

**(i) CRITERIA FOR DEVIATION FROM THE CHILD SUPPORT GUIDELINES**
*If, after consideration of one or more of the following criteria, the Court finds that a child support order based on the support guidelines would be inequitable or unjust, such a finding shall be sufficient to rebut the presumption. A party proposing deviation from the presumptive application of the guidelines shall provide to the Court proposed written findings showing that the presumptive application would be inequitable or unjust.*

....

(18) In addition to the criteria stated above, *the Court may deviate from the guidelines upon a finding that the presumptive application would be unjust, inappropriate or would not be in the child's best interest.*
Child Support Guidelines § (i) (emphasis added).