STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-77
DHM - KEN - 4/26/2000

MITCH ALLORE, a/k/a
WILLIAM M. ALLORE, JR.,

      Appellant/Plaintiff

v.

                                  DECISION AND ORDER

HEATHER ALLORE,

      Appellee/Defendant


This matter is before the court on appellant's M.R. Civ. P. 76D appeal of District Court's divorce judgment entered on June 9, 1999.

On February 6, 1998 plaintiff Mitch Allore, a/k/a William M. Allore, Jr., proceeding pro se, filed a complaint for divorce from defendant Heather Allore. Mrs. Allore answered and asserted a counterclaim for divorce. The parties participated in two mediation sessions, one on July 21, 1998 and the other on August 10, 1998. The report from the second mediation session indicates that the matter was resolved. On April 1, 1999 Appellee's counsel requested a pre-trial conference. Notification of the conference was mailed to the parties informing them that the conference would be held on April 20, 1999. Appellant did not attend the pre-trial conference and the trial justice dismissed his complaint and set a hearing date of June 9, 1999 for Appellee's counterclaim for divorce. Notice of the hearing date was mailed to Mr. Allore and given to Mrs. Allore in hand. The divorce hearing was held as scheduled. Appellant did not appear, the clerk entered a default judgment

against him, and the court issued its divorce judgment. Thereafter, Appellant sent a letter to the court requesting that the June 9, 1999 hearing be rescheduled as he did not receive notice of the hearing. In that letter he provided the court with a new mailing address. This request was opposed by Appellee. On June 12, 1999, Appellant filed a M.R. Civ. P. 76D appeal of the District Court's judgment. He indicated on the notice of appeal that no electronic recording was made of the proceedings below but that he would file a statement in lieu of a transcript. No such statement has been filed.

An appeal from the District Court to the Superior Court is on questions of law only and any findings of fact shall not be set aside unless clearly erroneous. M.R. Civ. P. 76D. Appellant raises several issues on appeal, none of which can be considered or addressed by this court. First, he argues that he was never notified of the June 9, 1999 hearing and that he wishes to have his day in court. The relief Appellant is seeking, though not so characterized by him, is to have his default judgment set aside. In order to obtain this relief, he needs to first file a motion pursuant to Rules 55(c) and 60(b) in the District Court. If the District Court denies his motion he can appeal that ruling to the Superior Court. At this point in time, the Superior Court cannot grant Appellant any relief.

Second, Appellant argues that the current protection from abuse order entered against him should not exist because there is no evidence or proof that he ever abused his wife or children. This protection from abuse order (AUG-SA-98-51) was dated February 12, 1998, and was amended on February 24, 1998. The divorce

2

judgment modified the protection from abuse order with respect to the provisions pertaining to parent-child contact to the extent that they differed from the divorce judgment. Otherwise, the divorce judgment left the order in effect. Appellant's notice of appeal specifically pertains to the June 9, 1999 divorce hearing, not to the hearing at which the protection from abuse order was entered or first amended. Consequently, at least as far as this case file reveals, Appellant has not appealed the issuance of the protection from abuse order. Moreover, to the extent that the protection from abuse order was amended during the June 9, 1998 hearing and Mr. Allore is challenging those amendments, he has failed to provide this court with a record of that hearing. In the absence of a record of the proceedings below, the Superior Court "must assume that the trial court made its findings based on evidence sufficient to support its decision and affirm[] the judgment of the District Court." *International Paper Realty Corp. v. St. Hilaire*, 525 A.2d 1035, 1036 (Me. 1987). *See also Howell v. Howell*, 418 A.2d 181, 183 (Me. 1980) (denying appeal because appellant failed to present "a record of the proceedings in the District Court by which [the Court could] assess whether the District Court judge acted within, or outside, the limits of a sound discretion"); *Lamb v. Enclid Ambler Assoc.*, 563 A.2d 365, 367 (Me. 1989) (finding that the reviewing court must assume that there was sufficient evidence to support the lower court's findings where the record on appeal did not include a transcript of the trial proceedings).

Third, Appellant argues that his rights as a parent have been violated numerous times. He asserts that "it was said in court" that he had the right to call

his children but that every time he calls, the phone is busy or he gets no answer. He asserts that he is not being kept informed of important events in the lives of his children. Specifically, he says that his "children have either gone to the doctors or have had something happen and [he] hear[s] about it after the fact." He argues that his ex-wife has denied him the right to babysit the children. To the extent that Mr. Allore is seeking review of Mrs. Allore's failure to comply with the divorce judgment, he needs to first raise these issues before the District Court in a motion for post-judgment relief seeking enforcement of the judgment and not in an appeal from the divorce judgment. *See* M.R. Civ. P. 80(k)(1).

Finally, Appellant states that he wants to decrease the amount of child support that he is paying because he wants to see the children a lot more than he currently is seeing them. He asserts that the current child support order makes it very hard for him "to exist." Essentially, these claims are seeking modification of the divorce judgment. Appellant needs to raise these issues in the first instance before the District Court in a motion for post-judgment relief pursuant to M.R. Civ. P. 80(k)(1).

For reasons stated herein, the entry will be:

> Appellant's M.R. Civ. P. 76D appeal is DENIED; REMANDED to District Court.

Dated: April 26, 2000

Donald H. Marden
Justice, Superior Court

4

Date Filed __10/12/99__  __Kennebec__  Docket No. __AP99-77__
County

**J. MARDEN**

Action ___District Court___
Divorce

DONALD ⸻
LAW ⸻

MAY 4 2000

William M. Allore, Jr.  vs.  Heather Allore

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William M. Allore, Jr., Pro Se RXⒶXXⒺⒶXXXXⒶX  PO Box 237 XⒶXⓀⓀXXⓂⓄXⒽⓄXⓀⓀXⓇⓄXⒶX Manchester XⒶXⒽⓄXⓀⓀXXⓂⒶXⒽⒶXXⓄⒶXXⓈⓍXXXX 04351-0237 | ⸴ Joseph M. O'Donnell, Esq. P.O. Box 785 Augusta, Maine 04332 |

| Date of Entry | |
|---|---|
| 10/12/99 | Appeal from Southern Kennebec District Court with all papers, filed. |
| 10/12/99 | Notice of briefing schedule mailed to atty and Pltf. |
| 11/22/99 | Brief filed.  s/Allore,Jr, Pro Se Certificate of service filed. |
| 11/29/99 | Brief of the appellee, Heather Allore filed.  s/O'Donnell Esq |
| 3/9/00 | Oral arguments heard with Justice Marden presiding, Mr Allore and Atty O'Donnell present. Court takes Underadvisement |
| 4/26/00 | DECISION AND ORDER, Marden, J. Appellant's M.R.Civ.P. 76(D) appeal is DENIED; REMANDED to District Court. Copies mailed to atty and Pltf. Copies mailed to Deborah Firestone, Garbrecht Library and Donald Goss. |